William STREET *v.* Allen D. KURZINSKI and
AMERICAN MACHINE BUILDERS, INC.

717 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered October 20, 1986

*Harkey, Walmsley, Belew & Blankenship,* by: *Leroy Blankenship,* for appellant.

No response.

GEORGE ROSE SMITH, Justice. When the appellant sought to appeal this case by filing the record, the clerk refused to accept it, explaining that the appellant had filed two notices of appeal and that it was not clear which one was controlling in the calculation of the time for lodging the appeal. The clerk suggested to Street's attorney that he file a motion under Rule 5 to require the clerk to docket the case. That motion is now before us. Since the fact situation has not previously been ruled upon, this opinion is written to explain why the tender of the record in this case was too late.

Street brought this action for defamation against Kurzinski and his employer, American Machine Builders. Street obtained a verdict against Kurzinski, but the trial judge directed a verdict in favor of AMB for want of proof that Kurzinski was acting in the scope of his employment in defaming Street. The two-day trial ended on September 17, 1985, but apparently as a result of post-trial motions the final judgment was not entered until January 17. During the interval, Street filed a motion for judgment n.o.v., which the court denied in an order filed on December 31. On November 27 Kurzinski filed a motion for judgment n.o.v. or alternatively for a new trial, but the record discloses no action of any kind on that motion during the 30 days allowed by Rule 4(c) of the Rules of Appellate Procedure. Consequently the motion was deemed under that rule to have been denied at the expiration of 30 days after its filing, and the court lost jurisdiction to act upon it. *Smith* v. *Boone,* 284 Ark. 183, 680 S.W.2d 709 (1984); *Coking Coal* v. *Arkoma Coal Corp.,* 278 Ark. 446, 646 S.W.2d 12 (1983). It is immaterial that the motion was filed before the entry of judgment, for it is plain that the trial court can grant or deny a motion for judgment n.o.v. or a motion for a new trial before a formal judgment on the verdict

is entered. That procedure is not uncommon.

On January 17 the court entered a final judgment upon the verdict in favor of Street. The judgment awarded $35,000 in damages against Kurzinski and recited that the plaintiff's cause of action against AMB had previously been dismissed (by the order denying the plaintiff's motion for judgment n.o.v.). Street promptly filed a notice of appeal, on January 28.

On January 29 the court entered an order stating that Kurzinski's motions for a new trial and for judgment n.o.v. "are hereby set for hearing on February 11." After that hearing the court's order denying the motions was entered on February 21. On March 3 counsel for Street filed a second notice of appeal reciting, as did the first notice of appeal, that it was from that part of the judgment of January 17 which denied Street a judgment against AMB.

On May 7 the appellant filed a motion for an extension of time for filing the record on appeal. The motion recites that judgment was entered on January 17 and that "subsequently" the defendant Kurzinski filed a motion for a new trial. The latter statement is not supported by the record, which shows that Kurzinski's motion was filed on November 27 and was not acted upon until the court on February 11 set it for a hearing. The motion for an extension of time was granted on May 9.

Rule 5 of the Rules of Appellate Procedure provides that the record shall be filed with our clerk "within ninety days from the filing of the first notice of appeal," or an extension of time must be obtained within the 90 days. The reference to the "first" notice of appeal removes any possible doubt when both parties file notices of appeal or when one party files notices of appeal from different orders. Here the 90 days began to run from the filing of the first notice of appeal on January 28, not only because of the wording of the statute but also because the filing of the second notice was manifestly superfluous. Kurzinski's motion for a judgment n.o.v. or for a new trial was deemed to have been denied after 30 days when the court made no written record of any action upon the motion within that time. As we have seen, after the lapse of the 30 days the court had no jurisdiction to act upon the motion. The court's order of January 29, setting the motion down for a hearing, could not have extended the time for filing a

notice of appeal even for Kurzinski, who filed the motion, much less for Street, who successfully resisted it. What we said in *Coking Coal, supra*, is applicable here: "The purpose of Rule 4 [of the Rules of Appellate Procedure] is to accelerate the appellate process, not to delay it." The clerk was right in not accepting the record in this case, for it was tendered after the expiration of 90 days from the filing of the first notice of appeal.

The motion for a rule on the clerk is denied.