Melton SMITH *v.* STATE of Arkansas

CR 02-1108                                          97 S.W.3d 380

Supreme Court of Arkansas
Opinion delivered December 12, 2002

*Dennis R. Morlock*, for appellant.

No response.

PER CURIAM. Appellant Melton Smith was convicted of "Exchanging Money for a Non-Cash Prize," an unclassified misdemeanor that violated Ark. Code Ann. § 26-57-403. Appellant's counsel, Dennis Molock, has requested that the clerk accept the record tendered as a result of his notice of appeal. Pursuant to Ark. R. App. P.—Crim. 4(a) (2002), the docketing of the record is governed by the Arkansas Rules of Appellate Procedure—Civil. The clerk has refused to file the record because it was not tendered in conformance with Ark. R. App. P.—Civ. 5(a) and (b) (2002).

Rule 5(a) provides in pertinent part as follows:

> The record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal, unless the time is extended by order of the circuit court as hereinafter provided.

Ark. R. App. P.—Civ. 5(a) (2002). Rule 5(b) provides in pertinent part as follows:

> In cases where there has been designated for inclusion any evidence or proceeding at trial or hearing which was stenographically reported, the circuit court, upon finding that a reporter's transcript of such evidence or proceeding has been ordered by appellant, and upon a further finding that an extension is necessary for the inclusion in the record of evidence of proceedings

*stenographically reported, may extend the time for filing the record on appeal, but the order of extension must be entered before the expiration of the period for filing as originally prescribed or extended by a previous order.*

Ark. R. App. P.—Civ. 5(b) (2002) (emphasis added).

The relevant dates in this case are as follows:

| | |
|---|---|
| January 15, 2002 | Judgment entered |
| February 8, 2002 | First notice of appeal filed timely by appellant |
| February 8, 2002 | Letter sent by appellant ·(treated as posttrial motion by trial court) |
| March 4, 2002 | Order denying posttrial motion entered timely |
| March 5, 2002 | Effective date of first notice of appeal |
| March 15, 2002 | Second notice of appeal filed that included appeal of denial of posttrial motion |
| May 16, 2002 | Motion for extension of time to file transcript filed |
| June 6, 2002 | Order granting extension of time to file record to 10/4/02 |
| October 2, 2002 | Record tendered to the Supreme Court Clerk |

On January 15, 2002, a judgment was entered and filed in Arkansas County. Appellant timely filed his first notice of appeal on February 8, 2002. Appellant also sent a letter to the trial court on February 8, 2002, in which he asked for reconsideration of his sentence. The trial court treated this letter as a posttrial motion, and on March 4, 2002, the trial court timely denied this motion, thus making the first notice of appeal's effective date March 5, 2002, pursuant to Ark. R. App. P.—Crim. 2(b)(2) (2002).

Without the posttrial motion, the record would have been due to be filed on or before May 9, 2002; but if the letter was correctly interpreted as a post-trial motion, the record was accordingly due to be filed on or before June 3, 2002, which would be ninety days from the effective date of the filing of the first notice of appeal, pursuant to Ark. R. App. P.—Civ. 5(a). At this point, any order by the trial court for an extension to file the record would also have been required to be filed on or before June 3, 2002, pursuant to Ark. R. App. P.—Civ. 5(b) as quoted earlier.

After the trial court's denial of the "post-trial motion" letter, appellant filed a timely second notice of appeal on March 15, 2002. In reading this second notice of appeal, it is apparent that it is merely verbatim the first notice of appeal with an additional clause to add an appeal of the denial of the posttrial motion. Ark. R. App. P.—Crim. 2(b)(2) allows a party who seeks to appeal from the grant or denial of a posttrial motion to amend a previously filed notice of appeal. That is exactly what happened in this case. As stated earlier, Mr. Molock filed a first notice of appeal after the judgment was entered, appealing the judgment. Because of the filing of the posttrial motion, however, the first notice of appeal was not made effective until March 5, 2002, pursuant to Ark. R. App. P.—Crim. 2(b)(2):

> A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding . . . . Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice. . . .

■ Thus, the first notice of appeal was effective to appeal the judgment. Nothing that happened later — the posttrial motion, the denial of the posttrial motion, or the filing of a second (amended) appeal — served to nullify the first notice of appeal. The second notice of appeal served only to amend the first notice so as to add an appeal of the denial of the posttrial motion, as allowed by Rule 2(b)(2). For this reason, the second notice of appeal is of no consequence in this motion for rule on clerk because the Arkansas Rules of Appellate Procedure are clear that the tendering of the record is clocked from the date of the filing of the *first* notice of appeal. *See Street v. Kurzinski*, 290 Ark. 155, 717 S.W.2d 798 (1986) ("The reference to the 'first' notice of appeal removes any possible doubt . . . when [the] party files notices of appeals from different orders. Here the 90 days began to run from the filing of the first notice of appeal . . .").

■ Rule 5 of the Arkansas Rules of Appellate Procedure—Civil further provides that the trial court may order an extension of time to file the record, but the order must be entered before the expiration of the ninety-day period provided in subsection (a). Ark. R. App. P.—Civ. 5(b). *See also Smith v. State*, 341 Ark. 252,

15 S.W.3d (2000). Appellant filed a motion for extension of time to file transcript pursuant to Rule 5(b) on May 16, 2002. The trial court entered an order granting the extension, but that order was entered and filed on June 6, 2002, which was more than ninety days after the effective date the first notice of appeal was filed.

The dissent incorrectly states that the majority would start the running of the mandatory ninety-day record-filing period on March 5, 2002. This is because the mandatory ninety-day period begins with the date of the filing of the *first* notice of appeal, although the date of that notice of appeal is not effective until the day *after* the granting or denial of the posttrial motion if the first notice of appeal was filed before disposition of a posttrial motion. Once again, that is exactly what happened in this case. The running of the ninety-day time period would have begun on February 8, the date the first notice of appeal was filed, if appellant had not filed his posttrial motion. However, because the posttrial motion was filed, the first notice of appeal was not considered filed until the day after the denial of the motion — March 5. In a case in which there is no notice of appeal filed before disposition of a posttrial motion, the first notice of appeal would be the notice filed after the grant or denial of the posttrial motion pursuant to Ark. R. App. P.—Crim. 2(b)(1), which states in pertinent part:

> . . . Upon timely filing in the trial court of a post-trial motion, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed-denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Ark. R. App. P.—Crim. 2(b)(1).

The dissent also states that it "seems bizarre that a notice of appeal from a *judgment* would be presumed to be a notice of appeal from the *order denying the motion for reconsideration*." This statement, however, is inaccurate. The first notice of appeal did nothing more than appeal the judgment, but the first notice of appeal was not made effective until the day after the denial of reconsideration. The second notice of appeal acted as an amended notice of appeal and simply added an appeal of the denial of the posttrial motion.

The majority is well aware that only the March 15 notice appealed both the judgment *and* the denial of the posttrial motion. However, because Ark. R. App. P.—Civ. 5(a) specifically states that the running of the mandatory 90-day record-filing period begins with the date of the filing of the *first* notice of appeal, and because the effective date of that first notice was March 5, we simply have no choice but to follow that rule. To follow the dissent's reasoning would be to find the term "first" superfluous, and would in effect mean that the notice of appeal filed latest would begin the running of the 90-day period. That reasoning is in direct conflict with Rule 5(a).

■ This court has long held that we will grant a motion for rule on the clerk when the attorney admits that the record was not timely filed due to an error on his part. *Owen v. State*, 342 Ark. 6, 26 S.W.3d 122 (2000); *Beavers v. State*, 341 Ark. 649, 19 S.W.3d (2000). Here, Mr. Molock does not admit fault, but instead states that he "relied in good faith upon the time schedule set forth in the Order of the Circuit Court entered June 6, 2002 and tendered the record for filing within the time period established by such Order." However, because that June 6 order was untimely, it was ineffective, and the record had to be filed either by May 9, 2002, or by June 3, 2002, depending upon whether or not the February 8, 2002, letter was effective as a posttrial motion.

■ ■ We have held that an attorney's statement that it was someone else's fault, or no one's fault, that a record was submitted untimely will not suffice. *See Owen v. State, supra.* Furthermore, this court has held that the attorney is responsible for filing the record and cannot shift that responsibility to another. *Owen v. State, supra.* Because Mr. Molock fails to accept responsibility for not filing the record within the required time, appellant's motion must be denied.

Appellant's attorney shall file within thirty days from the date of this *per curiam* order a motion and affidavit in this case accepting full responsibility for not timely filing the record in this case, and upon filing same, the motion for rule on the clerk to accept the record will be granted.

Motion denied.

BROWN, THORNTON, and HANNAH, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. I do not know what defense counsel did wrong in this case. Yet, the majority concludes he was negligent and refers him to the Committee on Professional Conduct for disciplinary proceedings. I disagree and would grant the motion for rule on clerk.

On January 15, 2002, judgment was entered against Melton Smith for operating an amusement game which provided cash rewards for the winner, which is a misdemeanor. *See* Ark. Code Ann. § 26-57-403(b) (Repl. 1997). He was sentenced to nine months in the county jail. On February 8, 2002, he filed his notice of appeal from that judgment. Also, on February 8, 2002, a copy of a letter from Smith written to the circuit judge was received by the circuit clerk asking for reconsideration of his sentence and specifically for a suspension of sentence. This letter was treated as a post-trial motion by the circuit judge. On March 4, 2002, the circuit judge entered an order denying Smith's motion for reconsideration. On March 15, 2002, Smith filed a notice of appeal, appealing both the judgment of conviction and the denial of his motion for reconsideration.

The majority concludes, erroneously in my judgment, that the only effective notice appeal was the one filed February 8, 2002, and that this notice was effective under our rules the day after the order was entered denying the motion for reconsideration, which would be March 5, 2002. Smith's counsel obtained an order extending the time to file the record, and that order was entered on June 6, 2002. If you count the 90 days for filing the record or extension from March 15, 2002, that order was timely. If you count the 90 days from March 5, 2002, the order was untimely.

It is, as an initial matter, somewhat ironic that we use a rule that was designed to avoid a procedural pitfall for early filings of notices of appeal as a trap for this defense counsel. Clearly, the rule for considering the notice of appeal to be filed after the date of judgment was for the purpose of eliminating a procedural default. *See* Ark. R. App. P.—Crim. 2(b)(2). It also had its origin in the fact that some notices of appeal were being filed after oral denial of a post-trial motion but before entry of the written order. That, of course, is not the situation in the case before us.

It next seems bizarre that a notice of appeal from a *judgment* would be presumed to be a notice of appeal from the *order denying the motion for reconsideration*. It does not even purport to be an appeal from the latter. Only the notice of appeal filed on March 15, 2002, states that it is giving notice of an appeal from both the judgment and the denial of the motion for reconsideration.

The operable rule appears to be Ark. R. App. P.—Crim. 2(b)(2), which reads:

> A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule. No additional fees will be required for filing a notice of appeal.

It appears to me that counsel for Smith did precisely what was required of him. He timely filed a new notice of appeal from both the judgment and the denial of the reconsideration motion for a suspended sentence. This is not a second notice of appeal from the same judgment but rather an amended notice of appeal from the judgment and a subsequent denial of the motion to suspend his sentence.

In addition, the majority cites to inapposite authority. *See Street v. Kurzinski*, 290 Ark. 155 717 S.W.2d 798 (1986). In *Street*, the post conviction motion was filed before entry of judgment and was deemed denied before entry of judgment. Thus, the first notice of appeal filed after entry of judgment was an appeal from both the judgment and the deemed-denied motion. In the instant case, we have a notice of appeal solely from the judgment and a notice of appeal from the judgment *and* denial of the motion for reconsideration.

The majority would start the running of the mandatory period of 90 days for filing a record on March 5, 2002, the day after denial of the motion for reconsideration. The majority does this by treating the first notice of appeal as effective the day after the order of denial, though the first notice of appeal had nothing to do with the denial of the reconsideration motion. The defen-

dant's amended notice of appeal was filed on March 15, 2002. Defense counsel believed, correctly in my judgment, that he had 90 days from the March 15 notice of appeal to file his record since that amended notice of appeal was from both the judgment and denial of reconsideration. The ultimate effect of the majority's interpretation of our rules is to shorten the 90 days available for filing the record. That is not right. I would grant the motion for rule on clerk and, for that reason, I dissent.

THORNTON and HANNAH, JJ., join in this dissent.