SERVEWELL PLUMBING, LLC *v.*
SUMMIT CONTRACTORS, INC., and
The Gables of Maumelle Limited Partnership

04-1306                                                            202 S.W.3d 525

Supreme Court of Arkansas
Opinion delivered February 3, 2005

*Kent Jay Rubens*, and *Lawrence Wayne Jackson*, for appellant.

*Stephen Reese Lancaster*, for appellees.

PER CURIAM. Appellant Servewell Plumbing, LLC, moves the court for a rule on clerk. Servewell states that the clerk of this court erroneously refused to file the record in this matter on November 24, 2004, and noted it as tendered. Servewell's motion sets forth the following sequence of events:

- 12.31.03  Order entered dismissing all of Servewell's claims, except its claim against The Gables for unjust enrichment

- 01.30.04  Servewell filed a notice of appeal

- 05.11.04  Order entered dismissing Servewell's entire complaint, including the unjust-enrichment claim

- 05.19.04 Servewell filed a notice of appeal for both the 05.11.04 and 12.31.03 orders

- 07.30.04 Order entered extending the time to lodge the record

- 11.24.04 Servewell's tender of a partial record to the Supreme Court Clerk

- 2.08.04 Full record tendered

Servewell contends that its second notice of appeal was filed eight days after entry of the only final, appealable order and was timely filed. It asserts that it is entitled to an order granting a rule on clerk and directing that the record be filed. There is no response from the appellees.

█ Arkansas Rule of Appellate Procedure–Civil 5(a) provides that the record on appeal shall be filed with this court's clerk within ninety days from the filing of "the first notice of appeal," unless the time is extended by an order of the circuit court. *See* Ark. R. App. P.–Civ. 5(a) (2004). Rule 5(a), however, contemplates a notice of appeal from a *final* judgment or order. *See* Ark. R. App. P.–Civ. 2(a)(1) (2004). A review of the record in the instant case reveals that while Servewell filed a notice of appeal from the circuit court's order of December 31, 2003, that order was not a final order, because the unjust-enrichment claim was still pending, and the order contained no certification pursuant to Arkansas Rule of Civil Procedure 54(b). Thus, any appeal from that order was subject to dismissal by this court. *See, e.g., Dodge v. Lee,* 350 Ark. 480, 88 S.W.3d 843 (2002); *Tri-State Delta Chems., Inc. v. Crow,* 347 Ark. 255, 61 S.W.3d 172 (2001); *Rigsby v. Rigsby,* 340 Ark. 544, 11 S.W.3d 551 (2000). Because the December 31, 2003 order was not a final order, the notice of appeal filed by Servewell on January 30, 2004, was a nullity.

█ A final order, disposing of all claims, was entered by the circuit court on May 11, 2004. Servewell then filed a timely notice of appeal from that order and the order of December 31, 2003, on May 19, 2004. A timely extension of time in which to file the record was obtained, and the partial record was timely tendered to the clerk on November 24, 2004. Because the record in the instant matter was tendered timely with respect to the May 19, 2004 notice of appeal from the final order disposing of all claims in the instant matter, we grant the motion for rule on clerk.

In holding as we do on this point, we note that the cases of *Smith v. State*, 351 Ark. 325, 97 S.W.3d 380 (2002) (*per curiam*) and *Street v. Kurzinski*, 290 Ark. 155, 717 S.W.2d 798 (1986), are distinguishable. In both those cases, we upheld the first notice of appeal, but our reasoning in both cases was based on the fact that the judgments appealed from were effective. Here, that is not the case, because the first order appealed from was not a final order and, therefore, was subject to dismissal rendering the first notice of appeal a nullity.

Servewell also petitions this court for *certiorari* to complete the record. It asserts that it has already received an extension of seven months from the date of the entry of the order, until December 11, 2004, in which to file its record on appeal. Servewell states that on November 24, 2004, it obtained and filed a partial record and that to date, the transcript is still not ready.[1] Counsel for Servewell further states that he has been unable to obtain information regarding the status of the record and, therefore, seeks a writ of *certiorari* to the court reporter to complete the record within thirty days.

The court reporter, Sheila Russell, responds that she called Servewell's counsel on November 29, 2004, to inform him that the transcript was ready. She avers that she had until December 11, 2004, to have the record prepared and that prior to receiving a copy of the instant petition on December 2, 2004, she had no prior knowledge of this petition or any other action. She states that when she contacted counsel to inform him that the record was ready, he informed her that he would pick it up "on [December] 7th or 8th[.]" Finally, she responds that she has not tried to hide from counsel and has had no communication from him in several months. She prays that the petition be dismissed as premature and moot.

■ A review of the docket in this case reveals that the two-volume record was tendered to the Supreme Court Clerk, pending this court's decision on the above motion for rule on clerk, on December 8, 2004. Because the record has been tendered in its entirety, we add that the instant petition for *certiorari* to complete the record is moot.

■ Servewell has further moved this court to supplement the record in the instant case. Servewell's counsel states that the

---

[1] The instant petition was tendered November 30, 2004.

record, which was tendered on December 8, 2004, is lacking two exhibits which were proffered to the circuit court and are, or may be, essential to a full understanding of the issues on appeal: (1) a letter from Servewell's counsel to the circuit clerk and (2) a copy of a payment bond. Servewell requests that the court permit the record to be supplemented. There is no response from the appellees. We grant the motion to supplement the record.

We direct the Supreme Court Clerk to file the record in this case and to set a briefing schedule. Motion for rule on clerk granted. Petition for writ of *certiorari* to complete the record moot. Motion to supplement the record granted.

IMBER, J., concurs.

A NNABELLE CLINTON IMBER, Justice, concurring. I concur with the majority that the motion for rule on the clerk should be granted. However, I write because I disagree with the majority's interpretation of Arkansas Rules of Appellate Procedure – Civil 5(a) (2004).

On December 31, 2003, an order was entered dismissing all of Servewell's claims, except its claim against The Gables for unjust enrichment. On January 30, 2004, Servewell filed its first notice of appeal and designated the order appealed from as the December 31 order. On May 11, 2004, an order was entered dismissing Servewell's entire complaint, including the unjust-enrichment claim. Servewell filed a second notice of appeal on May 19, 2004, and designated the orders appealed from as the December 31 and May 11 orders. The circuit court entered an order on July 30, 2004 extending the time to lodge the record. Meanwhile, Servewell waited until November 24, 2004, to tender a partial record to our clerk.

Arkansas Rule of Appellate Procedure–Civil 5(a) clearly provides that the record on appeal shall be filed with the court's clerk "within 90 days from the filing of the *first* notice of appeal, unless the time is extended by an order of the circuit court." *See* Ark. R. App. P.–Civ. 5(a) (2004) (emphasis added). Yet, because an appeal may be taken from a final judgment pursuant to Ark. R. App. P.–Civ. 2(a)(1) (2004), the majority summarily jumps to the conclusion that Appellate Rule 5(a) only contemplates the filing of a valid and effective "first" notice of appeal. In so doing, it changes the language in the rule by inserting the word "effective."

Under the plain language of Appellate Rule 5, the 90-day limit for filing the record begins to run upon the filing of the "first notice of appeal" from any order, whether final or not. For

example, in this case, Servewell filed its "first notice of appeal" on January 30, 2004. Thus, the deadline to file the record would have been April 30, 2004. As of that date, the circuit court had not yet entered a final order. If Servewell had filed the record on or before April 30, 2004, we would have dismissed its appeal for lack of a final order. In this case, however, the 90-day period expired without a record being filed. Thus, Servewell lost its right to file the record and thereby attempt to perfect an appeal based on the January 30 notice of appeal. A final order was subsequently entered on May 11, 2004, such that a new 90-day period began with the filing of a "first notice of appeal" on May 19, 2004, after entry of the final order. This interpretation of Appellate Rule 5 conforms with our practice when an appeal is dismissed for lack of a final order. Upon the circuit court's subsequent entry of a final order and the filing of a timely notice of appeal from that order, an appeal may be taken from the final order, which appeal also brings up any intermediate order involving the merits and necessarily affecting the judgment. *See* Ark. R. App. P.–Civ. 2(b), 3(a) (2004).

The disposition of this matter would have been different under the plain language of Appellate Rule 5(a) if a final order had been entered during the original 90-day period and if Servewell had filed a timely notice of appeal from that order. In that situation, an appeal from the final order could only have been preserved by filing the record within 90 days from the filing of the "first notice of appeal" on January 30. In other words, when a final order is entered within the original 90-day period, a subsequent notice of appeal only amends the "first notice of appeal." Pursuant to Appellate Rule 5, the 90-day period begins to run upon the filing of the first notice of appeal and, not as the majority posits, upon the filing of the first "effective" notice of appeal. Under the majority's interpretation, notwithstanding the entry of a final order and the filing of a second notice of appeal within the first 90-day period, a second 90-day period would commence upon filing the second notice of appeal.

To apply Appellate Rule 5 as the majority suggests will require our clerk to engage in determining whether a first notice of appeal is effective, or it will open the door to numerous motions for rule on the clerk requesting that we make such a determination. Such a process is unnecessarily burdensome and is contrary to the plain language of Appellate Rule 5. That rule establishes a clear, objective starting point in time for calculating the deadline to file the record — the filing of the first notice of appeal. Once

again, the majority's interpretation of Appellate Rule 5 changes the language in the rule by inserting the word "effective."

Moreover, I submit that we should endeavor to maintain a modicum of consistency with our prior decisions in *Smith v. State*, 351 Ark. 325, 97 S.W.3d 380 (2002) (*per curiam*) and *Street v. Kurzinski*, 290 Ark. 155, 717 S.W.2d 798 (1986). In *Smith v. State*, *supra*, we strictly construed Appellate Rule 5's first-notice-of-appeal rule when considering a situation governed by Ark. R. App. P.–Crim. 2(b)(2) (2004). In that case, the posttrial motion and the first notice of appeal were filed on the same day. Pursuant to the express language in Ark. R. App. P.–Crim. 2(b)(2) (2004), we held that the first notice of appeal was not made effective until the day after the posttrial motion was denied. Similarly in *Street v. Kurzinski*, we stated that "[t]he reference to the 'first' notice of appeal removes any possible doubt when both parties file notices of appeal or when one party files notices of appeal from different orders." 290 Ark. at 157, 717 S.W.2d at 799. In sum, the important principle undergirding each of these cases was not the existence of a final order before the filing of a timely notice of appeal, but our strict construction of Appellate Rule 5. It is well settled that the timely lodging of the record is a jurisdictional requirement to perfecting an appeal. *See Seay v. Wildlife Farms, Inc.*, 342 Ark. 503, 29 S.W.3d 711 (2000).

More significantly, until this opinion, we have never suggested the 90-day period prescribed by Ark. R. App. P.–Civ. 5(a) would only begin to run upon the filing of the first "effective" notice of appeal. In fact, our appellate rules of procedure expressly address other situations involving premature notices of appeal. For example, Ark. R. App. P.–Civ.4(a) (2004) provides that a notice of appeal filed after the circuit court announces its decision but before the entry of final judgment shall be treated as filed on the day after the judgment was entered. Similarly, Ark. R. App. P.–Crim. 2(b)(2) provides that a notice of appeal filed before disposition of any posttrial motions shall be treated as filed on the day after entry of an order disposing of the last motion outstanding.

To summarize, I believe that Servewell's motion for rule on the clerk should be granted because to do so is consistent with our practice when an appeal is dismissed for lack of a final order; that is, when a final order is not entered within "90 days from the filing of the first notice of appeal," the time limit established by Appellate Rule 5(a) to file the record on appeal. Accordingly, I concur with the majority's disposition of this matter.