## NCS HEALTHCARE of ARKANSAS, INC. *v.*
## STATE of Arkansas

05-332                                                   207 S.W.3d 552

Supreme Court of Arkansas
Opinion delivered April 28, 2005

*Kutak Rock, LLP,* by: *David L. Williams,* for appellant.

*Wright, Berry, Hughes & Moore,* by: *Rodney P. Moore,* for appellee.

PER CURIAM. Appellant NCS Healthcare of Arkansas moves the court for a rule on clerk. NCS states that the Supreme Court Clerk erroneously refused to file the record in this

matter on March 25, 2005, and noted it as tendered. NCS's motion sets forth the following sequence of events:

| | |
|---|---|
| August 2000 | Appellee W.P. Malone, Inc. filed its complaint against NCS in circuit court, alleging breach of contract and requesting indemnity for all losses. |
| September 2000 | NCS removed the case to federal court. |
| July 2001 | Federal court remanded the case back to state court due to lack of diversity. Malone filed a default-judgment motion, and default judgment was granted. |
| November 7, 2002 | This court reversed the circuit court's default judgment. *See NCS Healthcare of Arkansas, Inc. v. W.P. Malone, Inc.*, 350 Ark. 520, 88 S.W.3d 852 (2002). |
| December 23, 2002 | NCS filed its answer and counterclaim with the circuit court and requested that Malone indemnify and hold NCS harmless for all losses. |
| September 17, 2003 | NCS filed a summary-judgment motion on Malone's breach-of-contract claim. |
| October 9, 2003 | Malone filed a cross-motion for summary judgment for breach of contract. |
| March 4, 2004 | Circuit court denied NCS's motion for summary judgment and granted Malone's cross-motion for summary judgment. |
| April 5, 2004 | NCS filed a notice of appeal from the March 4, 2004 order granting Malone summary judgment. |
| May 6, 2004 | Circuit court awarded Malone $491,722.60 plus interest based upon the March 4, 2004 order. |
| June 3, 2004 | NCS faxed an ''amended notice of appeal'' to appeal the May 6, 2004 order. This faxed notice was date-stamped by the circuit court clerk on June 3, 2004.[1] |

---

[1] Additional amended notices of appeal identical to the faxed notice were date-stamped by the circuit court clerk on June 4, 2004, and on June 18, 2004.

| August 26, 2004 | NCS filed a motion to nonsuit its counterclaim voluntarily. |
| October 27, 2004 | Circuit court found that it lacked jurisdiction to entertain the nonsuit motion after NCS filed its notice of appeal. |
| November 9, 2004 | NCS filed a notice of appeal from the circuit court's October 27, 2004 order. |
| February 7, 2005 | NCS tendered its record, which was rejected for faulty numbering, failure to pay the filing fee, and timeliness.[2] |
| March 25, 2005 | NCS again tendered its record, which was rejected as untimely. |

NCS now argues that the Clerk's office erroneously rejected the record. NCS points out that the record was tendered on February 7, 2005, within ninety days from the November 9, 2004 notice of appeal, and, accordingly, NCS is entitled to an order granting a rule on clerk and directing that the record be filed. Malone responds that NCS tendered its corrected record on March 25, 2005, and that it was untimely because it was outside the ninety day limit from the November 9, 2004 notice of appeal.

This case presents an issue similar to that in *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 360 Ark. 521, 202 S.W.3d 525 (2005) (*per curiam*). In *Servewell*, this court held that a notice of appeal filed from an order that lacked finality was a nullity. We further held that the order was not final because it failed to address all pending issues and failed to include a certificate required by Rule 54(b) of the Arkansas Rules of Civil Procedure.

■ In the instant case, the circuit court's March 4, 2004 order was not a final order, because NCS's counterclaim was still pending, and the order failed to contain certification pursuant to Rule 54(b). As we held in *Servewell*, we hold today that any appeal from the March 4, 2004 order was subject to dismissal by this court. *See, e.g., Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002); *Tri-State Delta Chems., Inc. v. Crow*, 347 Ark. 255, 61 S.W.3d 172 (2001); *Rigsby v. Rigsby*, 340 Ark. 544, 11 S.W.3d 551 (2000). Because the March 4, 2004 order was not a final order, the notice

---

[2] This was not entered on the 05-332 docket sheet, but the Clerk's office has a notation in its file regarding the tender.

of appeal filed by NCS on April 5, 2004, was a nullity. On May 6, 2004, the circuit court entered a second order, which also failed to dispose of NCS's counterclaim. The May 6, 2004 order also was not a final order, and, thus, the June 3, 2004 notice of appeal was a nullity.

NCS next apparently attempted to convert the March 2004 and May 2004 orders into final orders by voluntarily nonsuiting its counterclaim pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure. Despite the nonsuit petition, the circuit court concluded that it lacked jurisdiction to consider the matter because of the pending appeal in this court. On October 27, 2004, the circuit court entered an order to that effect. NCS then filed a timely notice of appeal from the October 27, 2004 order but failed to file its record in accordance with Rule 5(a) of the Arkansas Rules of Appellate Procedure − Civil. *See* Ark. R. App. P. − Civ. 5(a) (2004) (record on appeal shall be filed *and* docketed with the clerk's office within ninety days from the filing of the first notice of appeal, unless the time is extended by an order of the circuit court).

■ According to a notation in the Clerk's file, the Clerk rejected NCS's record on February 7, 2005 (the ninetieth day from the November 9, 2004 notice of appeal), due to a page-numbering problem, untimeliness, and failure to pay the filing fee. There was no docketing of the record or order entered to extend the time for filing as required under Rule 5(a) and (b) of the Arkansas Rules of Appellate Procedure − Civil. Forty-six days later, on March 25, 2005, our Clerk rejected the tendered record due to untimeliness. We agree that NCS did not tender the record in timely fashion, and we deny NCS's motion for rule on clerk.

Denied.