

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–13–90

| | |
|---|---|
| CARMEN ALBARRAN | **Opinion Delivered** October 23, 2013 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-12-1269-4] |
| V. | |
| | HONORABLE JOHN R. SCOTT, JUDGE |
| LIBERTY HEALTHCARE MANAGEMENT | |
| APPELLEE | APPEAL DISMISSED |

## PHILLIP T. WHITEAKER, Judge

Carmen Albarran purports to appeal from an order of the circuit court granting the motion to dismiss filed by appellee Liberty Healthcare Management ("Liberty"). We dismiss because Albarran failed to file a timely notice of appeal from a final order.

Albarran carried health insurance through his employer with Connecticut General Life Insurance Co., which did business as Tyson Preferred Network Healthcare Recoveries ("Healthcare Recoveries"). In December 2010, Albarran was involved in a car accident in Rogers. He sought treatment for his injuries from Dr. Rick Looper at the Accident and Injury Treatment Center, which was a "d/b/a" for Liberty. Dr. Looper submitted a $3710 bill to Albarran's health insurer. Healthcare Recoveries paid $637.43 toward Dr. Looper's $3710 bill.

Albarran settled his motor-vehicle-accident claims with the tortfeasor's liability insurer for $30,000. The insurer wrote two separate checks: one to Albarran for $26,290, and the other to Albarran and the Accident and Injury Treatment Center for $3710, based upon a lien allegedly claimed by Liberty.

Albarran filed a petition for declaratory judgment in the Benton County Circuit Court against Healthcare Recoveries and Liberty.[1] Albarran sought to have Liberty's alleged lien declared invalid, and Liberty filed a motion to dismiss the petition. In its motion, Liberty denied that it had any ownership or authority over the "d/b/a" of "Accident and Injury Treatment Center." Liberty also denied that it claimed any interest in the proceeds of Albarran's settlement and thus asked to be dismissed as a defendant. Albarran subsequently filed an amended petition for declaratory judgment, adding Looper Chiropractic, P.A., as a defendant. Looper Chiropractic answered the amended petition and filed a counterclaim and third-party complaint.

The circuit court entered an order on October 11, 2012, granting Liberty's motion to dismiss and awarding attorney's fees to Liberty. Albarran filed a notice of appeal on October 28, 2012. On November 26, 2012, however, the circuit court entered a Rule 54(b) certificate that provided in pertinent part as follows:

> With respect to the issues determined by the Order Granting Motion to Dismiss and Awarding Attorney's Fees ("Order") entered by this Court on October 11, 2012 and attached hereto as Exhibit A, the Court finds: Although this matter

---

[1] Albarran later settled his claim against Healthcare Recoveries and moved to voluntarily nonsuit with respect to that defendant. The circuit court granted the motion, dismissing the complaint against Healthcare Recoveries without prejudice.

2

SLIP OPINION

involves multiple defendant parties, Plaintiff's appeal of the above referenced Order should be resolved to ensure that the entire case can be concluded in one trial as to avoid undue hardship for the Plaintiff and Defendants.

A copy of the original order granting Liberty's motion to dismiss was attached to the Rule 54(b) certificate. Albarran never filed a notice of appeal from this November 26, 2012 order. Nevertheless, he lodged his record with this court and now argues that the circuit court erred in awarding attorney's fees to Liberty.

Albarran's appeal must be dismissed because he failed to file a timely notice of appeal from a final order. The circuit court's order granting Liberty's motion to dismiss was entered on October 11, 2012. By that time, Looper Chiropractic had filed its counterclaim and third-party complaint. The order dismissing Liberty did not mention or dispose of Looper Chiropractic's pleadings and was therefore not a final order. This fact was apparently recognized by the court when it entered its Rule 54(b) certificate on November 26, 2012. Albarran's only notice of appeal, however, was filed on October 29, 2012, and that notice designated only the order granting Liberty's motion to dismiss and the award of attorney's fees.[2]

In *Servewell Plumbing Co. v. Summit Contractors, Inc.*, 360 Ark. 521, 202 S.W.3d 525

---

[2]It is of no consequence to Albarran that the matter of attorney's fees is ordinarily viewed by this court as a collateral issue, separate from the merits of a case. In *Dodge v. Lee*, 350 Ark. 480, 88 S.W.3d 843 (2002), the supreme court held that the appellate court's jurisdiction is not invoked until a final order has been entered in the trial court, with the exception of those immediately appealable orders listed in Ark. R. App. P.–Civ. 2. Thus, a final order is a prerequisite. Without such a final order, no appeal may be entertained, even on a collateral issue such as attorney's fees. *Dodge*, 350 Ark. at 486–87, 88 S.W.3d at 847; *see also Pridemen Team, Inc. v. Newton*, 2011 Ark. App. 132.

SLIP OPINION

(2005) (per curiam), the supreme court held that any appeal from a nonfinal order—i.e., an order that does not dispose of all claims and does not contain a Rule 54(b) certificate—would be subject to dismissal by the appellate courts, and any notice of appeal from such an order is a nullity. *Servewell Plumbing*, 360 Ark. at 523, 202 S.W.3d at 526; *see also NCS Healthcare of Ark., Inc. v. W.P. Malone, Inc.*, 362 Ark. 169, 207 S.W.3d 552 (2005); *Taylor v. Woods*, 102 Ark. App. 92, 282 S.W.3d 285 (2008).

In *Cruse v. 451 Press, LLC*, 2010 Ark. App. 115, this court addressed a situation very similar to the present case. The circuit court entered an order granting partial summary judgment in March 2009 and a Rule 54(b) certificate on April 9, 2009; appellant filed a notice of appeal on April 28, 2009. The Rule 54(b) certificate, however, was determined to be defective because it merely tracked the language of the rule and did not make specific factual findings; the April 9 order was therefore not a final, appealable order. The circuit court subsequently entered an order dismissing all other defendants in October 2009, but the appellant did not file another notice of appeal from that order. This court dismissed the appeal, stating as follows:

> the only pertinent notice of appeal filed in this case was the April 2009 notice from the order granting the partial summary judgment; however, the October 9 order was the only final order in this case, and admittedly no notice of appeal was filed within thirty days after its entry as required by Ark. R. App. P.–Civ. 4(a). Where no timely notice of appeal is filed after a final order, we lack jurisdiction to review an appeal from it.

*Cruse*, 2010 Ark. App. 115, at 3–4.

Because Albarran's only notice of appeal was filed from a nonfinal order, that notice of appeal was a nullity, according to *Servewell*, *supra*. No final, appealable order was entered

until November 26, 2012, when the circuit court issued its Rule 54(b) certificate, attaching a copy of the order granting the motion to dismiss and awarding attorney's fees. Albarran undisputably failed to file a notice of appeal from this order. A notice of appeal must be filed within thirty days from the entry of the judgment appealed from. Ark. R. App. P.–Civ. 4(a). The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995); *Global Econ. Res., Inc. v. Swaminathan*, 2011 Ark. App. 349, 389 S.W.3d 631. Accordingly, we must dismiss Albarran's appeal.

Appeal dismissed.

GLADWIN, C.J., and GLOVER, J., agree.

*Bradley Mullins*, for appellant.

*Karey W. Gardner*, for appellee.