SLIP OPINION

Cite as 2016 Ark. 242

# SUPREME COURT OF ARKANSAS

No. CR–15–618

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered** June 9, 2016 |
| | APPELLANT | |
| V. | | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. CR–2009-198] |
| VANN BRAGG | | HONORABLE L.T. SIMES II, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED. |

**PAUL E. DANIELSON, Associate Justice**

The State of Arkansas appeals an order of the Phillips County Circuit Court granting appellee Vann Bragg's petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. On appeal, the State argues that the circuit court clearly erred in granting Rule 37 relief without making a finding that Bragg received ineffective assistance of counsel. We dismiss the appeal for lack of appellate jurisdiction.

In February 2010, Bragg was ordered to serve five years' probation after pleading guilty to attempted delivery of cocaine. The State filed a petition to revoke Bragg's probation in March 2011, alleging that he had inexcusably failed to comply with the conditions of his probation by, among other things, committing the offense of theft by receiving involving a gold ring that had been stolen in a residential burglary. Bragg had been charged with theft

SLIP OPINION

by receiving of the ring in CR–2011–42.[1] He pleaded guilty to theft by receiving in CR–2011–42 and was ordered to serve probation in that case. As a result of his negotiated guilty plea in CR–2011–42, the State's petition to revoke in this case was dismissed without prejudice.

In July 2011, the State filed a second petition to revoke Bragg's probation, alleging that he had inexcusably failed to comply with the conditions of his probation by committing the offenses of possession of firearms by certain persons, criminal use of a prohibited weapon, and theft by receiving of a gun that had been stolen in the same residential burglary as the ring. These offenses were the subject of charges against Bragg then pending in CR–2011–153. The State further alleged that Bragg had inexcusably failed to comply with the conditions of his probation by possessing firearms, by failing to pay his fine and costs, and by failing to report to his probation officer.

At the revocation hearing in February 2012, counsel for Bragg argued that, according to his understanding, the terms of Bragg's negotiated guilty plea to the theft-by-receiving charge involving the ring in CR–2011–42 foreclosed any other charges relating to property stolen in the same residential burglary. The plea statement in CR–2011–42 and a transcript of Bragg's plea were admitted into evidence. His counsel sought dismissal of the petition to revoke, contending that it was "patently unfair" for Bragg to be subject to revocation "for the alleged same victim and alleged same burglary and alleged same property that was alleged to

---

[1]The theft-by-receiving case is referred to in the record of this case as both CR–2011–42 and CR–2011–47. For the sake of clarity, we refer to it as CR–2011–42.

have been taken from her house . . . in two separate Petition for Revocation proceedings." The State responded that the conduct was different: the first revocation petition involved the ring, while the second involved the weapons, and the weapons charges were not filed until after the first revocation petition had been dismissed without prejudice. The circuit court rejected Bragg's argument on this point in a letter opinion, pointing out that the first revocation petition had been dismissed without prejudice.

The circuit court ultimately revoked Bragg's probation, finding that he had violated the conditions by committing offenses punishable by imprisonment—including possession of firearms by certain persons, criminal use of a prohibited weapon, and theft by receiving of the gun—as well as by possessing firearms and failing to pay his fine and costs. After a sentencing hearing, Bragg was sentenced to 180 months' imprisonment. The sentencing order was entered on July 31, 2012. Bragg appealed, challenging the sufficiency of the evidence to support the revocation of his probation. The Arkansas Court of Appeals affirmed. *See Bragg v. State*, 2013 Ark. App. 261. The mandate issued on May 7, 2013.

On July 8, 2013, Bragg timely filed his Rule 37 petition. He argued that the "Petition for Revocation should be dismissed, and the Defendant should be released from custody for the following reasons": (1) the revocation hearing had been continued numerous times, once because the State's witnesses failed to appear, and the State should not have received yet another continuance; (2) as part of the plea bargain in CR–2011–42, the State had "impliedly agreed" not to file a petition to revoke regarding property stolen in the same residential burglary; (3) when it charged Bragg with theft by receiving of the ring in CR–2011–42, the

State should have known that it could have also charged him with being a felon in possession of firearms; (4) Bragg's trial counsel was ineffective for failing to obtain a statement from the prosecutor that his plea in CR-2011-42 "would result in the dismissal [of] all counts of the revocation of probation with prejudice"; and (5) the State failed to prove that he had failed to pay probation fees or report to his probation officer. In response, the State maintained that Bragg's contentions were not cognizable in a Rule 37 proceeding. With respect to the implied-agreement claim, the State asserted that it "would not enter into any agreement whereby it would be precluded 'with prejudice' from revoking a criminal defendant's unexpired probation."

The circuit court held an evidentiary hearing on Bragg's Rule 37 petition on April 4, 2014. At the hearing, Bragg and his father both testified that their understanding was that the negotiated guilty plea in CR-2011-42 would resolve all pending charges. Bragg's trial counsel, Dion Wilson—who represented him in both the revocation case and CR-2011-42—testified that his understanding was the same based on his conversations with the prosecutor. Wilson further testified that he should have had the terms of this agreement reduced to writing but did not.

On August 27, 2014, the circuit court entered an order granting Bragg's Rule 37 petition, setting aside his sentence, and ordering him released from custody immediately. In September 2014, the State sent a letter to the circuit court noting the Rule 37.3(c) requirement of written findings of fact and conclusions of law. The prosecutor asked whether the circuit court intended for Bragg's counsel to submit proposed findings and

conclusions. The State filed a notice of appeal on September 26, 2014.

The circuit court's written findings of fact and conclusions of law were not entered until May 19, 2015. In them, the court concluded that the sentence imposed was "in violation of the Defendant's federal and state constitution[al] [right] to a guilty plea that's free and voluntary." The court found that the plea agreement in CR–2011–42 was intended to resolve "all pending issues in existence at the time of the plea bargain," which included the second revocation petition.[2] The court further found that the State knew or should have known when it filed the information in CR–2011–42

> that it could have also charged the Defendant with being a felon in possession of firearms, since the firearms were allegedly recovered from the residence where the Defendant was staying on December 30, 2010, well before the [plea] of guilty to the criminal information in case CR–2011–4[2] was made on May 18, 2011.

The court did not address the effectiveness of Bragg's trial counsel, finding only that "Attorney Wilson's understanding was that the plea deal would take care of all of it. Mr. Wilson so advised Defendant and the Defendant signed the plea statement after being so advised by Attorney Wilson." The State filed an amended notice of appeal on May 29, 2015.

Because this is neither a direct nor an interlocutory appeal following a prosecution, but instead arises from a collateral proceeding, the appeal is civil in nature; therefore, the State is not required to satisfy Arkansas Rule of Appellate Procedure–Criminal 3 (2015). *See, e.g.*, *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007).

---

[2]In fact, Bragg pleaded guilty in CR–2011–42 on May 18, 2011; the second revocation petition was not filed until July 29, 2011.

SLIP OPINION

However, as a threshold matter, Bragg submits that this court lacks jurisdiction to decide the appeal because the State failed to lodge a timely record. The record was lodged on August 5, 2015;[3] therefore, while it was lodged within ninety days of the filing of the amended notice of appeal on May 29, 2015, it was not lodged within ninety days of the filing of the *first* notice of appeal on September 26, 2014. As Bragg points out, Arkansas Rule of Appellate Procedure–Civil 5(a) (2015) provides that "[t]he record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within 90 days from the filing of the first notice of appeal," unless the time is extended.[4] The record in this case contains no motions or orders for extension of time.

The State responds that the circuit court's August 27, 2014 order granting Rule 37 relief was not final because it did not contain written findings of fact and conclusions of law as required by Rule 37.3(c). The State posits that the May 19, 2015 order, wherein the circuit court set forth its findings and conclusions, was the final order; thus, the May 29, 2015 amended notice of appeal commenced the running of the ninety-day time period for lodging the record under Rule 5(a). We disagree. It is true that Rule 37.3(c) requires written findings of fact and conclusions of law, and we have held without exception that this rule is mandatory. *See, e.g.*, *Beshears v. State*, 329 Ark. 469, 947 S.W.2d 789 (1997) (per curiam).

---

[3]The record itself states that it was filed on August 5, 2015, but our docket states that the record was lodged on July 28, 2015.

[4]Pursuant to Arkansas Rule of Appellate Procedure–Criminal 4(a) (2015), except as otherwise provided, matters pertaining to the docketing of the record on appeal are governed by the Arkansas Rules of Appellate Procedure–Civil.

SLIP OPINION

However, we have not held that an order failing to make findings and conclusions is not final for purposes of appeal. Rather than dismiss appeals from such orders for lack of finality, this court routinely remands so that the requisite written findings may be made. *See, e.g.*, *id*.; *Watkins v. State*, 2010 Ark. 156, at 3, 362 S.W.3d 910, 914 (per curiam) (stating that, "[i]n cases where the trial court fails to enter any written findings following a hearing, we have consistently remanded the case to the trial court for fact-finding"). In this case, if the State had lodged the record within ninety days of the filing of the September 26, 2014 notice of appeal and the case had come to us before the circuit court's entry of findings of fact and conclusions of law on May 19, 2015, we certainly would have remanded for fact-finding rather than dismissed the appeal. Alternatively, if the appeal had still been pending when the findings and conclusions were entered, the State could have petitioned to supplement the record with the findings and conclusions once they were entered. There was no need for the State to wait to lodge the record.

The ninety-day period contemplated by Rule 5(a) begins to run from the filing of the first notice of appeal. *See, e.g.*, *Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006). We have determined that such a deadline applies regardless of whether both parties file a notice of appeal, or whether one party files more than one notice of appeal, as was the case here. *See id*.; *see also Smith v. State*, 351 Ark. 325, 97 S.W.3d 380 (2002) (per curiam) (holding that ninety days began to run from filing of first notice of appeal, which was effective to appeal judgment, although a second notice of appeal added appeal from denial of posttrial motion). It is true that Rule 5(a) contemplates a notice of appeal from a *final* judgment or order—in

other words, not one subject to dismissal. *See, e.g.*, *Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 360 Ark. 521, 202 S.W.3d 525 (2005) (per curiam). However, for the reasons previously stated, the State has not demonstrated a lack of finality in the August 27, 2014 order.

If a party fails to file the record within the ninety-day period provided under Rule 5(a), the party's appeal is dismissed. *See, e.g.*, *Conlee*, 366 Ark. 342, 235 S.W.3d 515. This is because the timely filing of the record on appeal is "a jurisdictional requirement to perfecting an appeal." *Id.* at 345–46, 235 S.W.3d at 518. Because the State failed to file the record in this case within ninety days of the filing of the first notice of appeal, its appeal must be dismissed.

Appeal dismissed.

Special Justices T. COLLIER MOORE and SHANNON L. BLATT join in this opinion.

WOOD and WYNNE, JJ., not participating.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellant.

*Steven R. Davis*, for appellee.