SLIP OPINION

# ARKANSAS COURT OF APPEALS
### DIVISION I
**No.** CV–16–335

| | |
|---|---|
| BRAD W. DAVENPORT<br><br>          APPELLANT<br><br>V.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL I TRUST 2006-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE7<br><br>          APPELLEE | **Opinion Delivered:** March 8, 2017<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CV-2014-10]<br><br>HONORABLE MIKE MURPHY, JUDGE<br><br>APPEAL DISMISSED |

## BART F. VIRDEN, Judge

This case involves alleged inadequacies in the assignment and foreclosure of a mortgage. Appellant Brad Davenport claims that the Faulkner County Circuit Court erred in granting the motion for summary judgment filed by appellee Deutsche Bank Trust Company, as trustee, in trust for the registered holders of Morgan Stanley ABS Capital I Trust 2006-HE7 Mortgage Pass-Through Certificates, Series 2006-HE7 ("Deutsche Bank"). The motion for summary judgment covered both the claims in Davenport's complaint and in Deutsche Bank's counterclaim for foreclosure on the mortgage. On appeal, Davenport presents a multitude of theories as to why Deutsche Bank lacked legal possession over both his mortgage and the accompanying notes, making it an improper party to

foreclose. However, we are without jurisdiction due to an untimely notice of appeal and, therefore, have no choice but to dismiss the appeal.

In June 2006, Davenport gave a first and second mortgage on his home to New Century Mortgage. Wesley Snodgrass of American Residential Mortgage brokered the deal. Some months later, Deutsche Bank bought these two mortgages and the related notes in a secondary market. Bank of America (BOA) serviced the notes, including accepting payments for Deutsche Bank.

By letter dated June 9, 2009, Davenport sent Deutsche Bank and BOA a notice that purported to rescind the loan transaction based on constructive fraud. Thereafter, Davenport filed several suits against Deutsche Bank and other lenders involved with Davenport's notes and mortgages. These cases were originally filed in state courts and removed to federal court. The claims were ultimately dismissed and are not at issue in this appeal.

In December 2010, Davenport filed suit in Lonoke County Circuit Court against Snodgrass and TBS Investments doing business as American Residential Mortgage for fraud, violation of the Truth in Lending Act (TILA), violation of the Arkansas Deceptive Trade Practices Act (ADTPA), breach of contract, and outrage. These claims were based on allegations that Snodgrass had forged Davenport's signature to certain documents and had failed to provide Davenport with certain required disclosures. The Lonoke County Circuit Court entered judgment in Davenport's favor in the sum of $250,000 on July 26, 2012.

On January 10, 2014, Davenport filed the present action to stop Deutsche Bank and its attorneys, Marinosci Law Group, P.A., from proceeding with a nonjudicial statutory foreclosure on the notes and mortgages. The allegations of his complaint make it clear that

he is unhappy with the securitization process by which much of the residential-mortgage lending is funded. He asserted causes of action for violations of the ADTPA and the nonjudicial foreclosure act. One of his allegations was that, because the note and mortgage had been securitized, it could no longer be enforced through foreclosure. In addition, he asserted that Deutsche Bank was guilty of unclean hands and that he was entitled to a setoff of the judgment he had received against Snodgrass and TBS Investment in the amount of $250,000.

After Davenport had obtained a temporary restraining order from the circuit court enjoining the sale of the property, Deutsche Bank agreed to cancel the foreclosure sale. The circuit court would later find that Davenport's request for a temporary restraining order was moot.

Deutsche Bank answered, denying the material allegations of the complaint. It filed an amended answer and counterclaim seeking a judicial foreclosure. The bank asserted that Davenport was in default and had failed to cure the default after notice. The counterclaim asserted that the note was indorsed in blank by New Century and, with the mortgage, assigned to Deutsche Bank, but that the assignment was lost and could not be found. Deutsche Bank further attached an affidavit regarding the lost or misplaced assignment. Davenport denied the material allegations pertaining to the assignment of the note and mortgage and his default in payment.

On June 15, 2015, Deutsche Bank filed a motion for summary judgment as to both Davenport's complaint and its own counterclaim for foreclosure. Davenport filed a response and supporting brief to the bank's motion for summary judgment. The court held a hearing

on the motion for summary judgment and, at the conclusion of the hearing, took the matter under advisement. While awaiting the court's ruling on the motion, on December 4, 2015, Davenport filed an amended complaint. In addition to the claims contained in his original complaint, Davenport asserted a claim for damages and for rescission based on alleged violations of the TILA.

On December 18, 2015, Deutsche Bank filed a motion to strike the amended complaint as prejudicial for unduly delaying resolution of the case. In the alternative, the motion asserted that the amended complaint should be dismissed for failure to state facts upon which relief could be granted. Davenport responded to the motion to strike.

On January 27, 2016, the circuit court granted Deutsche Bank's motion for summary judgment and granted it a decree of foreclosure. The court granted Davenport's request that he be declared the owner of the property, subject to Deutsche Bank's mortgage interest. The court found that Davenport was in default in making his payments under the note and had failed to cure the default. The court found that Davenport's claim for injunctive relief was moot. The court further found that Davenport's ADTPA claims failed as a matter of law because the ADTPA did not apply to Deutsche Bank's actions. The court further concluded that, assuming the ADTPA applied, such claims failed as a matter of law because they were barred by the applicable statute of limitations, Davenport lacked standing to challenge the validity of the mortgage securitization or the validity of the assignment, and the assignment was not required to be recorded. The court further found that Davenport's request to setoff the $250,000 judgment against Snodgrass against any sums owed to Deutsche Bank was barred by res judicata. Additionally, the court found that Deutsche Bank

bore no responsibility for Snodgrass's actions or the judgment entered against him. Based on these findings, the court granted summary judgment to Deutsche Bank on its counterclaim for foreclosure. Deutsche Bank was granted judgment in the amount of $219,310.75, representing $173,346.05 in unpaid principal, $34,047.44 in accrued and unpaid interest as of May 21, 2015, and $11,917.26 in other fees and charges. The judgment was in personam against Davenport and in rem against the property. Deutsche Bank was awarded attorney's fees of $40,289. The circuit clerk was appointed as commissioner to sell the property.

On February 1, 2016, the circuit court granted Deutsche Bank's motion to strike the amended complaint. Davenport filed his notice of appeal on February 11, 2016, from both the order granting summary judgment and the order striking his amended complaint.

An agreed order was entered on February 18, 2016, dismissing Davenport's claims against the Marinosci Law Group.

We begin by addressing whether we have jurisdiction of this appeal. While neither party raises the issue, the timely filing of a notice of appeal is a jurisdictional issue this court is obligated to raise sua sponte. *See, e.g.*, *Ellis v. Ark. State Highway Comm'n*, 2010 Ark. 196, 363 S.W.3d 321; *Tissing v. Ark. Dep't of Human Servs.*, 2009 Ark. 166, 303 S.W.3d 446. We must therefore determine whether Davenport has filed a timely notice of appeal.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil states that an appeal may be taken from a final judgment or decree. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Stewart v. Estate of Herring*, 2016 Ark. App. 83. Absent a final order or a properly

executed certificate from the circuit court making an "express determination, supported by specific factual findings, that there is no just reason for delay," then an order that fails to adjudicate all of the parties' claims cannot be appealed. Ark. R. Civ. P. 54(b). The summary-judgment order entered on January 27, 2016, disposed of Davenport's claims against Deutsche Bank and the bank's counterclaim seeking foreclosure. However, at the time, Davenport's claims against the Marinosci Law Group had not been disposed of, making the summary-judgment order not final for purposes of appeal. Thus, Davenport's notice of appeal from the summary judgment and the order striking his amended complaint was a nullity. *See Servewell Plumbing, LLC v. Summit Contractors, Inc.*, 360 Ark. 521, 202 S.W.3d 525 (2005) (per curiam).

We recognize that the law firm was named as a party solely as part of Davenport's request for a temporary restraining order to prevent a foreclosure sale from proceeding. Deutsche Bank later canceled the sale and proceeded with its counterclaim seeking judicial foreclosure. The circuit court would later find Davenport's claim for a temporary restraining order moot. The order striking Davenport's amended complaint was entered on February 1, 2016. Davenport filed his notice of appeal from both orders on February 11, 2016. It was not until an agreed order was entered on February 18, 2016, that the Marinosci Law Group was actually dismissed from the case. However, the first notice of appeal was a nullity, and Davenport did not file another notice of appeal after the summary judgment had become final upon the dismissal of the law firm.

Although the notice of appeal complies with Ark. R. App. P.–Civ. 3(e)(vi) by stating that Davenport abandons all pending and unresolved claims, that does not save the appeal.

Our supreme court has held that the rule does not allow an appealing party to dismiss a *party* from the action by such a statement in a notice of appeal or notice of cross–appeal. *See Ford Motor Co. v. Washington*, 2012 Ark. 354. Instead, that rule allows the dismissal of stray *claims*. Here, we are dealing with a stray party.

Because no notice of appeal was filed after the summary judgment had become final, we must dismiss the appeal.

Appeal dismissed.

ABRAMSON and GLADWIN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Judy Simmons Henry* and *Gary D. Marts, Jr.*, for appellee.