2011 Ark. App. 349

**GLOBAL ECONOMIC RESOURCES, INC., Appellant**

v.

**Susindran SWAMINATHAN, Venkataraman Melpakkam, Ganesh Kumar, Sabare USA, Inc., d/b/a Sabare SCM Solution, Inc., and Sabare SCM Solution, Inc., Appellees.**

**No. CA 10–1263.**

Court of Appeals of Arkansas.

May 11, 2011.

Chris Lisle, Lisle Law Firm, P.A., Springdale, for appellant.

Michael T. Newman, Jones, Jackson & Moll, PLC, for appellees.

JOHN B. ROBBINS, Judge.

This is the second appeal arising from this breach-of-contract action. In *Global Economic Resources, Inc. v. Sabare SCM Solution, Inc.*, 2010 Ark. App. 139, 2010 WL 475349, delivered on February 11, 2010, we dismissed the first appeal for lack of a final, appealable order. The trial court subsequently entered a final, appealable order on March 11, 2010. Because appellant Global Economic Resources, Inc., did not file a timely notice of appeal from that order, we must dismiss this second appeal for lack of jurisdiction.

This case originated on November 17, 2008, when Global filed a complaint for breach of contract, seeking damages for unpaid consulting services it had allegedly provided under the contract. The named defendants were two individuals, Susindran Swaminathan and Venkataraman Melpakkam, doing business as Sabare SCM Solution, Inc. The answer to the original complaint was filed on December 31, 2008, asserting several defenses including the affirmative pleading that "at no times relevant to the allegations of the complaint, did either of the defendants act in an individual capacity or 'do business as Sabare SCM Solution, Inc.'"

On February 11, 2009, Global filed an amended complaint with an incorporated Rule 41 motion to dismiss. The amended complaint added Sabare SCM Solution, Inc., a Georgia corporation, as a separate defendant. The incorporated Rule 41 motion stated that, pursuant to Rule 41(a), Global was dismissing its allegations against Swaminathan and Melpakkam without prejudice. On April 2, 2009, Sabare SCM Solution filed a pre-answer motion to dismiss, raising numerous defenses including that Arkansas lacked personal jurisdiction over it. On June 17, 2009, the trial court entered an order dismissing, with prejudice, Global's complaint against Sabare SCM Solution for lack of personal jurisdiction.

Global appealed from the order entered on June 17, 2009, contending that the trial court "erred in dismissing the breach of contract action for lack of personal jurisdiction when the appellee traveled to Arkansas to negotiate and sign the contract." However, we dismissed that first appeal for lack of a final order because, while Global had filed a Rule 41 motion to dismiss the individual defendants, there was no order from the trial court dismissing those defendants from the case. *See Global, supra.*

After we dismissed the first appeal, Global filed a second amended complaint on February 17, 2010. That complaint again named as defendants Swaminathan, Melpakkam, and Sabare SCM Solution. In addition, the second amended complaint added Ganesh Kumar and Sabare USA, Inc., as defendants. On the same day, Global filed with the trial court a "withdrawal of Rule 41 motion to dismiss," wherein it asserted, "No order entering that motion was ever entered, and the Plaintiff hereby withdraws that motion as it intends to proceed with its claim against those two defendants." On March 9, 2010, Sabare SCM Solution filed a Rule 12(f) motion to strike, requesting that all claims against it be struck from the second amended complaint because Sabare SCM

Solution had already been dismissed due to lack of personal jurisdiction. Also on March 9, 2010, Swaminathan and Melpakkam answered the second amended complaint, raising multiple defenses including lack of personal jurisdiction.

On March 11, 2010, the trial court entered the following order:

1. That the Court has jurisdiction of the parties and subject matter in this cause of action.

2. That Global Economic Resources, Inc.'s (Plaintiff's) Rule 41 Motion to Dismiss Swaminathan and Melpakkam, filed on or about February 2009 is hereby granted. This Court's previous ruling that plaintiff has failed to establish personal jurisdiction over Sabare USA, Inc., d/b/a Sabare SCM Solution, Inc., and Sabare SCM Solution, Inc., continues to be this Court's order.

3. That pursuant to Ark. R. Civ. P. 12(f) this Court further orders that all references to Sabare SCM shall be stricken from plaintiff's second amended complaint.

Note that this order contains a misstatement in that Sabare USA was not yet a party and thus was not dismissed by the trial court's previous ruling issued on June 17, 2009. For reasons discussed later in this opinion, the March 11, 2010 order, was the final order from which Global should have, but did not, timely appeal.

After the final order was entered, Global purported to serve a summons on Sabare USA on March 23, 2010. On April 20, 2010, Sabare USA filed a motion to quash the summons, arguing that the named but unserved parties, including Sabare USA, had been dismissed by the trial court's March 11, 2010, order, pursuant to Ark. R. Civ. P. 54(b)(5). On April 26, 2010, Global filed a "Response to motion to quash and Rule 60 motion to amend or-

der." In that motion, Global raised no arguments in response to Sabare USA's motion to quash, but merely asked that it be denied. Global raised the following specifics on its Rule 60 motion:

1. Under Rule 60(a) this Court may amend an order to correct errors, mistakes or prevent the miscarriage of justice within 90 days of the order having been filed with the Clerk's Office.

2. On March 11, 2010 this Court entered an order granting the Plaintiff's Rule 41 Motion to dismiss Swaminathan and Melpakkam filed on February 9, 2009.

3. The above order was improper as the motion was withdrawn by the Plaintiff on February 17, 2010. The Plaintiff stated it was withdrawn for the reason it desired to continue its claim against the defendants as was its right.

. . . .

9. The above order striking the Second Amended Complaint against Defendants Swaminathan and Melpakkam should be dismissed as an error, mistake, or to prevent a miscarriage of justice. The Order was filed on an issue not pending before the Court, without notice and without hearing, thus denying the Plaintiff any due process on the issue. The order is in error, was a mistake, and if not amended would create a miscarriage of justice.

On September 30, 2010, the trial court entered an amended final order reaffirming its March 11, 2010, order, and denying any relief sought by Global under Ark. R. Civ. P. 60(a). That order stated that the dismissal of Swaminathan and Melpakkam continued to be the court's order and that "[t]his court does not find that it was an

error, mistake, or miscarriage of justice for this court to rule upon motions brought before it." On October 6, 2010, the trial court entered an "amended amended final order" containing the same language as the September 30, 2010 order, but correcting an erroneous attorney-service-name listing. On October 25, 2010, Global filed its notice of appeal purporting to appeal from the order entered October 6, 2010.

In this appeal, Global argues that the trial court erred in dismissing Sabare SCM Solution and Sabare USA for lack of personal jurisdiction. Global contends that both of those defendants have sufficient contacts with this State such that Arkansas has personal jurisdiction over them. However, we cannot reach the merits of Global's argument because we lack jurisdiction to hear this appeal.

■ Pursuant to Ark. R.App. P.-Civ. 2(a)(1), an appeal may be taken from a final judgment entered by the circuit court. Rule 4(a) provides that, except as otherwise provided in subdivisions (b) and (c) of that rule, a notice of appeal shall be filed within thirty days from the entry of the judgment appealed from. The failure to file a timely notice of appeal deprives the appellate court of jurisdiction. *Rossi v. Rossi*, 319 Ark. 373, 892 S.W.2d 246 (1995).

■ As we have stated previously, the trial court's order entered March 11, 2010, was the final order from which an appeal had to be taken. Rule 54(b)(5) of the Arkansas Rules of Civil Procedure provides, "Any claim against a named but unserved defendant, including a 'John Doe' defendant, is dismissed by the circuit court's final judgment or decree." The March 11, 2010, order made it clear that all three of the named and served defendants were dismissed. Pursuant to the provisions of Rule 54(b)(5), the remaining two defendants, Ganesh Kumar and Sa-

bare USA, Inc., who had not been served, were also dismissed from the case. Therefore, all of the defendants had been dismissed and the March 11, 2010, order was final and appealable.

■ We recognize that there are exceptions that may extend the time for filing a notice of appeal beyond the thirty-day limitation, but none exist here. Rule 4(b) of the Arkansas Rules of Appellate Procedure—Civil provides that any motion to amend the judgment made no later than ten days after its entry shall extend the time for filing the notice of appeal. If the trial court neither grants nor denies such a motion within thirty days of its filing, the motion shall be deemed denied, and the notice of appeal shall be filed within thirty days of that date. In the present case, Global did file a postjudgment motion to amend, but it could not extend the time for filing the notice of appeal under Rule 4(b) because it was filed on April 26, 2010, well after the ten-day period expired for filing such a motion under the rule. Moreover, even had the posttrial motion been filed timely under Rule 4(b), it would have been deemed denied on May 26, 2010, and Global did not file its notice of appeal until October 25, 2010.

Global indicated in its posttrial motion that it was filed pursuant to Rule 60(a) of the Rules of Civil Procedure, but that rule does not confer appellate jurisdiction under these circumstances either. That subsection provides:

(a) *Ninety–Day Limitation.* To correct errors or mistakes or to prevent the miscarriage of justice, the court may modify or vacate a judgment, order or decree on motion of the court or any party, with prior notice to all parties, within ninety days of its having been filed with the clerk.

Our supreme court has repeatedly held that a trial court loses jurisdiction to set aside or modify an order pursuant to Rule 60(a) if it does not do so within ninety days of the original order. *Jordan v. Circuit Court of Lee County,* 366 Ark. 326, 235 S.W.3d 487 (2006). In this case the original order was entered on March 11, 2010, and the trial court had lost jurisdiction under Rule 60(a) long before either of the subsequent orders was entered on September 30, 2010, or October 6, 2010. We recognize that under Rule 60(c), there are some instances where the trial court may modify or set aside its order beyond the ninety-day period, but if none of these exceptions apply, the court cannot act outside the ninety-day period and any attempt to do so is invalid. *See Jordan, supra.* In the present case Global never alleged, and the trial court never found, that any of the Rule 60(c) exceptions applied. The order entered October 6, 2010, from which Global attempts to appeal did not change any of the trial court's previous rulings from the March 11, 2010, order, and it was entered after the trial court lost jurisdiction. Because Global did not file a timely appeal from the final order entered on March 11, 2010, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

PITTMAN and GLOVER, JJ., agree.