Cite as 2020 Ark. App. 215

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-414

| | |
|---|---|
| GREGORY PETERSON<br><div align="right">APPELLANT</div><br>V.<br><br>DR. STEPHEN A. ZILLER III AND<br>CATHOLIC HEALTH INITIATIVES<br>D/B/A ST. VINCENT HEALTH<br>SYSTEM<br><div align="right">APPELLEES</div> | **Opinion Delivered:** April 8, 2020<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT, FIFTH<br>DIVISION [NO. 60CV-18-2267]<br><br>HONORABLE WENDELL GRIFFEN,<br>JUDGE<br><br>DISMISSED |

## BART F. VIRDEN, Judge

Appellant Gregory Peterson appeals from the Pulaski County Circuit Court's order granting motions to dismiss filed by appellees Dr. Stephen A. Ziller III and Catholic Health Initiatives d/b/a St. Vincent Health System (CHI). Peterson argues that the circuit court erred in granting Dr. Ziller's motion because service was completed and in granting CHI's motion because the summons was not defective. We dismiss for lack of jurisdiction.

I. *Procedural History*

On April 10, 2018, Peterson filed a medical-malpractice complaint against Dr. Ziller, CHI, and John Does A through Z. CHI and Dr. Ziller filed separate answers to Peterson's complaint alleging insufficiency of process and insufficiency of service of process. CHI and Dr. Ziller later moved to dismiss on those grounds.

On January 3, 2019, the circuit court entered an order dismissing with prejudice Peterson's claims against Dr. Ziller and CHI. On February 1, Peterson moved to dismiss John Does A through Z without prejudice, which the circuit court granted on February 13. On February 14, Peterson filed a notice of appeal from both the January 3 and February 13 orders.

## II. *Discussion*

Whether an order is final and subject to appeal is a jurisdictional question that this court will raise on its own. *Aceva Techs., LLC v. Tyson Foods, Inc.*, 2012 Ark. App. 382. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil permits an appeal only from a final judgment or decree entered by the circuit court. A final order dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Aceva*, *supra*. Under Rule 54(b) of the Arkansas Rules of Civil Procedure, an order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. Ark. R. Civ. P. 54(b)(1).

Rule 54(b) further provides, however, that any claim against a named but unserved defendant, including a "John Doe" defendant, is by operation of law dismissed by the circuit court's otherwise final judgment or decree. Ark. R. Civ. P. 54(b)(5). There is no indication in the record that John Does A through Z were ever served; therefore, the circuit court's January 3 order was final pursuant to Rule 54(b)(5). *See, e.g.*, *Glob. Econ. Res., Inc. v. Swaminathan*, 2011 Ark. App. 349, 389 S.W.3d 631 (noting that an order dismissing three named and served defendants was final and appealable because, pursuant to Rule 54(b)(5),

the remaining two named defendants, who had not been served, were also dismissed by the same order).

Rule 4(a) of the Arkansas Rules of Appellate Procedure–Civil provides that a notice of appeal shall be filed within thirty days from the entry of the order appealed from, unless the time for filing has been extended under Rule 4(b)(1). A motion to dismiss John Doe defendants is not a motion that would extend the time for filing a notice of appeal under Rule 4(b)(1). Filing a motion to dismiss the John Doe defendants was not necessary to create finality because they were effectively dismissed by the January 3 order. By the time counsel filed his notice of appeal, more than thirty days had passed since the circuit court's final order was entered. Accordingly, we lack jurisdiction to hear this appeal.

Dismissed.

ABRAMSON and HIXSON, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, and *Dominique King*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *David P. Glover* and *Dustin K. Doty*, for separate appellee Dr. Stephen A. Ziller.