Cite as 2021 Ark. App. 94

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-20-254

| | |
|---|---|
| ASCENTIUM CAPITAL, LLC<br>APPELLANT<br><br>V.<br><br>JAMES MARSHALL, INDIVIDUALLY AND DOING BUSINESS AS YOUR FURNITURE STORE<br>APPELLEE | **Opinion Delivered** March 3, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60CV-18-7573]<br><br>HONORABLE MARY SPENCER MCGOWAN, JUDGE<br><br>APPEAL DISMISSED |

**BRANDON J. HARRISON, Chief Judge**

This is an untimely appeal from a \$600,185 default judgment entered against Ascentium Capital, LLC, on 21 August 2019. We therefore lack jurisdiction to decide it.

The company's sole notice of appeal was filed within thirty days of a December 2019 circuit court order that dismissed John Bolton, a named—but unserved—codefendant, from the case. But it was not filed within thirty days of the circuit court's entry of the default judgment. This fact is important because Arkansas Rule of Civil Procedure 54(b)(5) dismisses, by operation of law, any claim against a named but unserved defendant when the circuit court enters what is otherwise a final adjudication. *S. Dev. Corp. v. Freightliner of New Hampshire, Inc.*, 2009 Ark. App. 286, at 3, 307 S.W.3d 597, 599. Given the posture of

this case, the final and appealable decision was the court's August 2019 default judgment; but no timely notice of appeal was filed from that adjudication.[1]

Ascentium would have the final word be the December 2019 order that dismissed John Bolton months after the default judgment was entered. The law disagrees. The company should have filed a notice of appeal within thirty days of the default judgment because it was the final decision by operation of law under Rule 54. In other words, the Bolton order was, for appellate jurisdictional purposes, irrelevant. *See, e.g.*, *Peterson v. Ziller*, 2020 Ark. App. 215; *see also S. Dev. Corp.*, 2009 Ark. App. 286, at 3, 307 S.W.3d at 599 (Rule 54(b)(5) "applies and cures" the jurisdictional problem of a named but unserved party).

As for Ascentium's motion to set the default judgment aside, which the company filed in January 2020 under Arkansas Rule of Civil Procedure 55(c), it has not yet been decided for two interrelated reasons. Before getting to those reasons, we first acknowledge that the rules of civil procedure do not impose a deadline under which a party must file such a motion in the first place. *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 110 S.W.3d 747 (2003). That Ascentium challenged the default judgment months after it had been entered is not itself a jurisdictional problem. And the motion has not yet been adjudicated because unless a defendant has moved to set aside a default judgment within ten days of its entry, which did not happen here, then Ark. R. App. P.–Civ. 4(b)(1)'s "deemed denied"

---

[1]A default judgment is appealable if the issue of damages has been decided and the amount for which the defaulting defendant is liable has been reduced to dollars and cents. *See Sevenprop Assocs. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988). That is what we have here.

provision does not apply to the motion. *Skyridge Estates, LLC v. Ellis*, 2018 Ark. App. 182. Second, the circuit court did not deny the motion by written order before the company filed the appeal record with this court's clerk. Because the motion has not yet been adjudicated—whether by operation of law or by court order—the company's appellate arguments for why the default judgment should be vacated are premature.

To be clear, we express no opinion on the merit of Ascentium's unadjudicated motion to set the default judgment aside. We hold only that we lack jurisdiction over this appeal as it has come to us and hereby dismiss it.

Appeal dismissed.

WHITEAKER and MURPHY, JJ., agree.

*Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*, by: *Blair B. Evans*, for appellant.

*Chuck Gibson* and *James Swindoll*, for appellee.