OPINION OF THE COURT
Thomas A. Standee, J.
The plaintiffs, Charming Shoppes, Inc., Fashion Bug #3329, Inc., and Fashion Bug #3250, Inc. (Charming Shoppes), seek a default judgment against the defendant, Overland Construction, Inc. (Overland), based on defendant’s failure to answer the summons and complaint.
The defendant, Overland Construction, Inc., submits a cross motion for an order staying all of the plaintiffs’ causes of action and referring the instant case to binding arbitration and/or for an order compelling the plaintiffs to accept an answer of the defendant to the summons and complaint.
Facts
This action was commenced on February 3, 2000 seeking damages for breach of contract and for specific performance by the defendant with respect to the breaches under the contracts. The summons and complaint was served upon defendant, Overland, by personal delivery directly to John Spry, General Manager of Overland Construction, on February 11, 2000.
The time for defendant to answer the complaint expired on March 2, 2000. There was no extension of time to answer *295 requested by or granted to the defendant. The plaintiffs filed a motion on April 17, 2000 for a default judgment against the defendant.
Motion for Default Judgment
The plaintiffs, Charming Shoppes, seek an order granting a default judgment against the defendant, Overland, for failure to answer the summons and complaint. The defendant concedes that there was a default in answering the summons and complaint. The time for Overland to answer the complaint expired on March 2, 2000. The plaintiffs filed this motion for a default judgment on April 17, 2000. The first contact made to plaintiffs by counsel for Overland was on or about May 1, 2000.
Both attorneys recognize in their papers the general principle that to avoid a default judgment there must be a showing by the defendant of a reasonable excuse for the default in answering and a meritorious defense. Pursuant to CPLR 3012 (d) the court may compel the acceptance of a pleading untimely served upon a showing of reasonable excuse for the delay or default.[1]
The excuse offered in the affidavit of John Spry, General Manager of Overland, is that he is frequently required to be out of town and absent from the office, and that “due to these frequent absences, I failed to pass these papers to my attorneys.” The affidavit of service of the summons and complaint shows that the papers were personally delivered to John Spry, the General Manager, on February 11, 2000 at the office of Overland. Counsel for the defendant explains that the reasonable excuse for the failure of Overland to answer the summons and complaint is that the actions are “equivalent to law office failure.” There is no other excuse offered as a basis for failure to answer.
The Legislature has determined that it is appropriate, in the discretion of the court, for law office failure to be considered as a reasonable excuse.
“Upon an application satisfying the requirements of subdivision (d) of section 3012 or subdivision (a) of rule 5015, the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure.” (CPLR 2005.)
There are no statutes submitted or cases relied upon by counsel which extend this provision beyond failure of a law office.
*296 The General Manager, John Spry, was personally served. There is no evidence that he was out of town immediately after accepting service. The fact that he is frequently out of town does not dispel his duty to properly forward or handle the summons and complaint against Overland.
This court cannot and will not extend the statutory provision allowing an excuse for a delay or default from law office failure to also include actions of the defendant.
The defendant requests alternative relief in its cross motion for an order compelling the plaintiffs to accept its answer. The court has the authority to “compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default.” (CPLR 3012 [d].) As discussed, the defendant has failed to demonstrate a reasonable excuse for its default in answering the summons and complaint. Furthermore, the defendant has never served an answer on the plaintiffs or provided a proposed answer to the court. Thus, not only is there no showing of a reasonable excuse for the default, but the defendant has never even attempted to serve an answer, albeit untimely.
The burden on defendant, Overland, to demonstrate a reasonable excuse for its failure to answer the summons and complaint has not been met. The plaintiffs, Charming Shoppes, are entitled to default judgment against the defendant, Overland. The plaintiffs’ motion for default judgment is granted.
The defendant’s motion for an order to compel the plaintiffs to accept an answer is denied.
Motion to Compel Arbitration
The defendant, Overland, now moves by notice of cross motion dated July 11, 2000, for an order staying the plaintiffs’ claims and referring the case to binding arbitration based upon arbitration clauses in the contracts. This court recognizes the binding effect and enforceability of an arbitration clause in an agreement. (CPLR art 75.)
A defendant may waive any right to submit issues to arbitration by his actions. (See, De Sapio v Kohlmeyer, 35 NY2d 402 [1974].) Thus, defendant’s current attempt to compel arbitration based on the arbitration clauses in the contracts between the parties must fail.
A. Procedural Waiver
In this case the defendant, by its own actions, was in default on March 2, 2000 for failure to appear or answer the summons and complaint served by plaintiffs. As of March 2, 2000 the *297 plaintiffs had the right to seek a default judgment from the court against the defendant. (CPLR 3215 [a].) The plaintiffs proceeded in a timely fashion to obtain a default judgment by filing a motion dated April 17, 2000 with the court. That motion was given a return date which was repeatedly adjourned as the parties attempted to settle.
Though arbitration clauses are generally enforceable, they cannot be used to bypass the statutory provisions requiring that pleadings be answered or to thwart a proper motion for a default judgment. The defendant effectively waived its right to enforce the arbitration clause when it failed to answer or appear in response to the summons and complaint under circumstances where there was no reasonable excuse for such default.
Such a waiver of defendant’s right to submit the issues to arbitration could be set aside if the defendant demonstrated that plaintiffs were not entitled to their default judgment, or if defendant were entitled to an order compelling the plaintiffs to accept the answer untimely served. However, in this case defendant failed to establish the threshold requirement of a reasonable excuse to prevent plaintiffs from obtaining a default judgment or to compel the plaintiffs to accept an answer.
B. Use of Judicial Proceedings
The Court of Appeals has held that a defendant may “waive [] any right to stay the action [based on an arbitration clause] by its affirmative use of the judicial proceedings.” (De Sapio v Kohlmeyer, supra, at 405.) The question that must be answered by the court is what is the degree of such affirmative use by the defendant to create a waiver of the right to a stay.[2]
“In the absence of unreasonable delay, so long as the defendant’s actions are consistent with an assertion of the right to arbitrate, there is no waiver. However, where the defendant’s participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory.” (Id., at 405.)
The court has reviewed the defendant’s use of the judicial forum. Counsel for the plaintiffs advises that he was first *298 contacted by counsel for the defendant on May 1, 2000, after submission of the motion for default judgment on April 17, 2000. The defendant did not request any extension of time to answer the summons and complaint, nor did defendant attempt to serve a late answer. The court received a request for an adjournment of the May 26 return date of the default judgment motion. This was granted by the court to June 16. At the same time a conference was set to discuss possible settlement of the issues. The court held a conference with counsel for both parties on June 1, 2000 where the parties reached a tentative agreement. Counsel were advised by the court to report within one week on the final outcome.
Thereafter the court received weekly phone calls from one or both counsel advising that the details of the settlement agreement were being worked on and draft agreements were being reviewed. Continuous adjournments of the pending default judgment motion were granted. At the request of plaintiffs’ counsel, another conference was scheduled and held. At the request of defendant’s counsel, the return date for plaintiffs’ motion for default judgment was again adjourned because opposition papers were not submitted due to ongoing settlement discussions. The court was then advised that settlement was not going to occur and that the motion for a default judgment needed to be heard. The defendant then submitted its cross motion to compel arbitration.
During the entire time period of adjournments of the plaintiffs’ motion for a default judgment, the conferences with the court, settlement discussions between counsel, and drafting of the proposed settlement agreement, the defendant was in default for failure to appear or answer the summons and complaint. At no time during the court conferences or otherwise did the defendant ever indicate that it would be demanding arbitration under the provisions of the contracts. The defendant has failed to provide a proposed answer that sets forth any defense claiming a right to arbitration under the contracts.
The plaintiffs’ motion for default judgment against the defendant was submitted on April 17, 2000; the motion was heard by the court, after all the judicial proceedings noted, on August 4, 2000. The actions of the defendant to attend court conferences and negotiate a settlement were not purely defensive actions. In this case the defendant was faced with a default judgment motion for failure to answer, with no viable reasonable excuse for such delay. The defendant actively participated in the settlement conferences before the court, agreed to a settle *299 ment in principle, requested adjournments of the default judgment motion, and, in so doing, obtained relevant information concerning the issues in the case from the plaintiffs during the settlement discussions.
These actions of the defendant, prior to the court hearing and determining the default judgment motion, are affirmative acceptance by the defendant of the judicial forum and the advantages of court intervention. The totality of the actions of the defendant is inconsistent with its current claim that only the arbitral forum is satisfactory for resolving the parties’ dispute. It was only after the defendant did not obtain a satisfactory settlement agreement in the judicial forum that defendant presented a position that the arbitral forum was the only forum satisfactory for resolution of the dispute.
The defendant’s actions, which delayed any default judgment for approximately three months, are an affirmative acceptance of the judicial forum. This affirmative use of the judicial proceeding was a waiver by the defendant of any right to submit issues in dispute to arbitration and obtain a stay of this default judgment motion.
C. Arbitration Conclusion
The plaintiffs are entitled to a default judgment against the defendant. The defendant’s initial decision to not answer the summons and complaint of the plaintiffs subjects the defendant to the statutory right of the plaintiffs to obtain a default judgment. The defendant affirmatively accepted the judicial forum, and waived any right to stay the action based on arbitration clauses in the agreements, by its failure to comply with answering the complaint.
In addition, defendant also waived its right to claim that only the arbitral forum is satisfactory for resolving the disputes by its unreasonable delay in asserting its right to arbitrate and by participating in proceedings regarding the action in such a way as to manifest an affirmative acceptance of the judicial forum.
Based upon the defendant’s waiver of any right to arbitrate, the defendant’s motion to stay the action and refer the case to binding arbitration is denied.
Damages
On a motion for a default judgment, “[t]he court, with or without a jury, may make an assessment or take an account or proof, or may direct a reference.” (CPLR 3215 [b].) The defendant, Overland, raises issues related to the amount of damages *300 that plaintiffs are entitled to under the claims stated in the complaint and regarding specific performance to obtain a notice that liens have been released. It is a generally accepted principle that a default relates only to the issue of liability; it is not a default on the amount of damages.
In order for the court to make an assessment of the amount of damages due to the plaintiffs in the default judgment and whether specific performance should be granted, the court shall conduct an inquest on submitted papers. The plaintiffs shall submit to the court and opposing counsel their documentation on damages within 30 days of the date of filing of this decision. The defendant shall submit opposition papers within 45 days of the date of this decision. The plaintiffs shall submit any reply papers within 60 days of the date of filing of this decision.
Order
Based upon all the papers submitted in support and in opposition to these motions, upon the above decision, and after due deliberation, it is hereby ordered that the motion by the plaintiffs, Charming Shoppes, Inc., Fashion Bug #3329, Inc., and Fashion Bug #3250, Inc., for a default judgment against defendant, Overland Construction, Inc., is granted; it is further ordered that the motion by the defendant, Overland Construction, Inc., for an order staying plaintiffs’ causes of action and referring the case to binding arbitration, and/or to compel plaintiffs to accept an answer of the defendant to the summons and complaint, is denied; it is further ordered that the court shall conduct an inquest on submitted papers on the issue of damages and specific performance in accordance with the time frames set forth in the decision and thereafter issue a decision on these remaining issues.

. There has been no proposed answer served upon the plaintiffs by the defendant and there is no proposed answer contained in the opposition papers to the motion for a default judgment.

. [3] Defendant’s failure to answer the summons and complaint manifests participation demonstrating an affirmative acceptance of the judicial forum and all the statutory requirements. Nonetheless, this court also reviews the defendant’s active participation regarding this lawsuit in the judicial forum.