TRI-STATE DELTA CHEMICALS, INC., d/b/a UAP Mid-South *v.* Nelson CROW, William Day, William Day and Sons, Larry Hillis, Moss Farms, Inc., Peacock and Staudinger, Prairie Creek Farms, Inc., Greg Simpson, and Guy Teeter

01-624                                                61 S.W.3d 172

Supreme Court of Arkansas
Opinion delivered December 13, 2001

*Wyatt, Tarrant & Combs LLP,* by: *Ross Higman;* and *The Eilbott Law Firm,* by: *Don A. Eilbott,* for appellant.

*Gibson Law Office,* by: *Charles S. Gibson,* for appellees.

DONALD L. CORBIN, Justice. This appeal raises an issue of first impression: Whether a defendant's default on a suit filed in circuit court effectively waives any right to compel arbitration. Appellant Tri-State Delta Chemicals, Inc., d/b/a UAP Mid-South (UAP), appeals the order of the Desha County Circuit Court granting a default judgment in favor of Appellees Nelson Crow; William Day; William Day & Sons; Larry Hillis; Moss Farms, Inc.; Peacock & Staudinger; Prairie Creek Farms, Inc.; Greg Simpson; and Guy Teeter. For reversal, UAP argues that the trial court erred in granting the default judgment and thereby denying its motion to compel arbitration. Appellees contend that this appeal should be dismissed for lack of a final order under Ark. R. Civ. P. 54(b), as damages have not yet been determined. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We dismiss the appeal.

The record reflects that Appellees filed their complaint against UAP on April 10, 2000. The complaint alleged actions for breach of implied warranty of fitness, constructive fraud, actual fraud, and breach of fiduciary duties, based on UAP's sale of cotton seed to Appellees. Appellees alleged that UAP knew that the seed was old when it sold the seed to Appellees and that such old seed would result in less crop yield. Service of the suit was made on UAP's Arkansas agent, Prentice Hall Corporation System, on April 20, 2000. Under Ark. R. Civ. P. 12(a), UAP, which is a nonresident corporation, was required to file its answer within thirty days after service. UAP did not file an answer.

On August 16, 2000, Appellees filed a motion for default judgment. That same afternoon, UAP filed a motion for an extension of time to file an answer to the complaint. On August 25, 2000, UAP filed a motion to dismiss under Rule 12(b)(6) and, alternatively, a motion to compel arbitration of the dispute. UAP contended that Appellees were contractually obligated to arbitrate any disputes arising out of the purchase of seed from UAP, and that they were also obligated to arbitrate under Ark. Code Ann. § 2-23-101 to -110 (Repl. 1996 and Supp. 2001).

On October 23, 2000, a hearing was held·on the motion for default judgment. UAP presented testimony from several witnesses on the issue of its failure to timely plead or otherwise defend the suit. The motion for arbitration was not litigated at that time, as the

trial court concluded that the default motion needed to be considered first. In an order filed November 6, 2000, the trial court granted Appellees a default judgment and denied "[a]ll pleadings for affirmative relief filed to the contrary by the Defendant." UAP timely filed a notice of appeal from that order.

Appellees move to dismiss this appeal on the ground that the default judgment did not address the issue of damages, and that the judgment therefore is not final under Rule 54(b). Appellees rely on *Sevenprop Assocs. v. Harrison*, 295 Ark. 35, 746 S.W.2d 51 (1988), wherein this court held that a default judgment is not a final, appealable order if the issue of damages remains to be decided. *See also String v. Kazi*, 312 Ark. 6, 846 S.W.2d 649 (1993).

■ UAP, on the other hand, asserts that it is not appealing the default judgment, only the denial of the motion to compel arbitration. UAP asserts that this is a proper interlocutory appeal under this court's holdings and Ark. R. App. P.—Civ. 2(a)(12). *See, e.g., Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 27 S.W.3d 361 (2000); *Walton v. Lewis*, 337 Ark. 45, 987 S.W.2d 262 (1999). While we agree that, generally, a denial of a motion to compel arbitration is an immediately appealable order, we do not believe that an interlocutory appeal will lie under the circumstances of this case. Instead, we agree with Appellees that UAP waived any right it may have had to compel arbitration when it failed to timely assert arbitration as a defense to the suit.

■ Although this is a matter of first impression in Arkansas, other jurisdictions have addressed this issue. For example, in *Charming Shoppes, Inc., v. Overland Constr., Inc.*, 186 Misc. 2d 293, 717 N.Y.S.2d 860 (N.Y. Sup. Ct. 2000), the court held that by failing to file an answer to the plaintiff's lawsuit within the time prescribed by law, the defendant waived its right to arbitrate the dispute. The court explained:

> Though arbitration clauses are generally enforceable, they cannot be used to bypass the statutory provisions requiring that pleadings be answered or to thwart a proper motion for a default judgment. The Defendant effectively waived its right to enforce the arbitration clause when it failed to answer or appear in response to the summons and complaint under circumstances where there was no reasonable excuse for such default.

*Id*. at 297, 717 N.Y.S.2d at 863.

■ Similarly, in *Woodruff v. Spence*, 76 Wash. App. 207, 883 P.2d 936 (1994), the defendant argued that the trial court erred in

granting a default judgment to the plaintiff and in denying his motion to stay the judicial proceedings pending arbitration. Although the appellate court ultimately remanded the case to the trial court for an evidentiary hearing, the court stated: "Whether [the defendant] knowingly waived his right to arbitration depends on whether he had notice of the action against him prior to entry of the default judgment." *Id*. at 211, 883 P.2d at 938. We find these holdings persuasive on the issue presented in this case.

Here, UAP had thirty days after service in which to file its answer or other defensive pleading. UAP's agent was served with notice of Appellees' suit on April 20, 2000. Accordingly, it had until May 22, 2000, to file an answer.[1] UAP did not file an answer in the suit, timely or otherwise. In fact, UAP did not even attempt to make an appearance in the suit until August 16, 2000, following its receipt of Appellees' motion for default judgment. Its motion for arbitration was not filed until more than a week later, on August 25, 2000.

■ ■ The trial court found that UAP had been properly served with a summons and complaint and that it had failed to timely plead or otherwise defend the suit. UAP does not dispute that service was properly completed. Thus, because service was completed and UAP failed to timely assert its right to arbitrate, it effectively waived or defaulted on that right. We reject UAP's suggestion that the right of arbitration exists regardless of whether it is timely asserted. The right to seek arbitration is a defense to civil litigation. Like any other defense, it may be waived by failing to timely assert it under the rules of civil procedure.

■ Accordingly, under the unique circumstances of this case, an interlocutory appeal will not lie. Rather, the only appealable issue in this case is whether the trial court abused its discretion in granting the default judgment. As stated above, however, this issue is not properly before us, because the default judgment, which reserved the issue of damages, is not a final order under Rule 54(b). We thus grant Appellees' motion to dismiss this appeal.

IMBER, J., not participating.

---

[1] May 20, 2000, fell on a Saturday; thus, UAP had until the following Monday, May 22, 2000, to file its answer.