**Affirmed and Opinion Filed December 8, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00802-CV**

**AUSTIN CARPENTER AND LAUREN CARPENTER, Appellants**
**V.**
**BRACKISH DEVELOPMENT, LP D/B/A MARLIN LANDSCAPE**
**SYSTEMS, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-19669**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

This is an appeal from the trial court's orders granting partial default judgment against appellee Brackish Development, LP on liability and compelling arbitration as to damages. In one issue, appellants Austin and Lauren Carpenter contend that the trial court erred in compelling arbitration because Brackish waived it. Brackish urges us to affirm, but in the event we reverse the order compelling arbitration, asserts in a cross-issue that the trial court erred in granting partial default judgment. We affirm the trial court's judgment and do not reach Brackish's cross-issue.

## BACKGROUND

On May 2, 2019, the parties entered into a contract under which Brackish was to perform general-contractor and landscaping services at the Carpenters' residential property in Dallas, Texas. Work commenced soon thereafter, and the Carpenters paid Brackish approximately $200,000 for invoices sent by Brackish in April, July, and October,[1] 2019. On October 15, 2019, the Carpenters sent Brackish a notice under the Texas Deceptive Trade Practices Act (DTPA) alleging that Brackish, in addition to DTPA violations, committed fraud and enumerated breaches of the parties' contract. On October 17, Brackish sent the Carpenters a notice of unpaid balance, demand for payment and an affidavit, claiming a mechanic's lien on the amount alleged to be due and owing.

The Carpenters filed the instant lawsuit on December 10, 2019, asserting claims for breach of contract, fraud in the inducement, statutory fraud, and violations of the DTPA. The Carpenters retained a process server to serve Brackish's registered agent at the address listed on Brackish's filings with the Secretary of State. After those attempts failed, the Carpenters served the citation on the Secretary of State. The Secretary of State's office certified that upon receipt, it forwarded the citation and original petition to the registered agent[2] but that "[t]he PROCESS was returned

---

[1] The October invoice is dated October 8, 201**8**. We glean from the record that this was a typographical error and the year listed should have been 2019.

[2] The record reflects that the process server and the Secretary of State had the same address for the registered agent.

to this office on February 13, 2020, Bearing Notation, Return to Sender, Attempted Not Known, Unable to Forward." The Carpenters then filed a motion for default judgment, which the trial court granted as to liability, requiring a separate hearing to establish the amount of damages. The hearing on damages was scheduled for April 23, 2020.

On April 30, 2020, before the trial court ruled on the damages issue, Brackish filed its original answer. Brackish also filed a motion for reconsideration of the default as to liability, asserting, in part, that "the citation was never actually delivered or received by the designated agent." The trial court denied the motion on August 7, 2020. The following month, Brackish filed a motion to compel arbitration and to abate proceedings pending arbitration. Subject to the motion to compel arbitration, Brackish filed a motion to set aside default and for jury trial on the merits, and an original counterclaim for breach of contract. The Carpenters opposed the motion to compel arbitration, acknowledging the existence of the contractual arbitration provision but averring Brackish waived its right to arbitrate by substantially invoking the judicial process. On March 2, 2021, the trial court entered (1) an order denying Brackish's motion to set aside default and (2) an order granting Brackish's motion to compel arbitration, abating proceedings pending arbitration. Thereafter, the parties arbitrated the damages issue on the Carpenters' claims and Brackish's breach-of-contract claim. On March 23, 2022, the arbitrator entered his arbitrator's award denying all claims and counterclaims, awarding no damages, attorney's fees,

–3–

or costs. The parties then returned to the trial court, with Brackish seeking entry of judgment on the arbitrator's award and the Carpenters seeking vacatur of same. The trial court denied the Carpenters' motion to vacate—and their subsequent request for findings of fact and conclusions of law—and entered final judgment confirming the arbitrator's award. This appeal followed.

## DISCUSSION

In their sole issue, the Carpenters assert that the trial court erred in granting Brackish's motion to compel arbitration. They argue that Brackish waived the right to arbitrate by defaulting and thereafter substantially invoking the judicial process.

Whether a party has waived its right to arbitration is a legal question, which we review de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). "A party waives the right to arbitrate 'by substantially invoking the judicial process to the other party's detriment or prejudice.'" *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex. 2008)). The strong presumption against waiver of arbitration renders this hurdle a high bar. *Id.* Waiver must be determined on a case-by-case basis by assessing the totality of the circumstances. *Id.* Texas courts consider such factors as (1) when the movant knew of the arbitration clause; (2) how much discovery was conducted; (3) who initiated the discovery; (4) whether the discovery related to the merits rather than arbitrability or standing; (5) how much of the discovery would be useful in arbitration; and (6) whether the movant sought judgment on the merits. *Id.*

Further, the substantial invocation of the litigation process must also have prejudiced the opposing party. *Id.* "In this context, prejudice is 'inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.'" *Id.* (quoting *Perry Homes*, 258 S.W.3d at 597).

The Carpenters argue that Brackish's default by itself constitutes waiver. They cite several cases from other jurisdictions for the proposition that "a defaulting party waives the right to insist upon arbitration." *See Bland v. Green Acres Group, L.L.C.*, 12 So. 3d 822, 824 (Fla. Dist. Ct. App. 2009); *Tri-State Delta Chems., Inc. v. Crow*, 61 S.W.3d 172, 175 (Ark. 2001); *State ex rel. Barden & Robeson Corp. v. Hill*, 539 S.E.2d 106, 111–12 (W. Va. 2000); *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 610 A.2d 499, 501 (Pa. Super. Ct. 1992). In each of these jurisdictions, however, arbitration is a defensive matter that is waived if not timely raised in an answer. *See Bland*, 12 So. 3d at 824–25 (considering whether unpleaded arbitration claim was a meritorious defense as required to vacate default judgment); *Crow*, 61 S.W.3d at 175 ("The right to seek arbitration is a defense to civil litigation. Like any other defense, it may be waived by failing to timely assert it under the rules of civil procedure."); *Hill*, 539 S.E.2d at 112 ("As an affirmative defense, arbitration must be asserted in the answer or it may, under appropriate circumstances, be deemed waived. . . ."); *Marranca Contracting*,

610 A.2d at 501 ("The defense of arbitration is an affirmative defense; it must be pleaded in new matter or it is waived.").

In Texas, whether the defendant fails to raise arbitration in its answer may be a factor in determining waiver. *See Perry Homes*, 258 S.W.3d at 591–92 (relevant factors include when the defendant discovered the agreement to arbitrate, how long it delayed before seeking arbitration, and whether it had sought or opposed arbitration earlier in the proceeding). However, a defendant does not automatically waive the right to arbitrate by failing to plead it in an answer. *See, e.g.*, *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (defendant who first sought to compel arbitration six months after filing its answer did not waive its right to arbitrate).

Acknowledging "this area of law is less developed in Texas", the Carpenters ask us to follow the precedent established by *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 535 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We decline for the reasons set forth below.

Ugarov sued Interconex for loss of his property allegedly caused by a subcontractor. *See id.* at 528. Uragov served Interconex with the petition through its registered agent, but the company failed to file a timely answer, resulting in default. *Id.* After the default judgment but before the hearing on damages, Interconex filed an answer, a motion to set aside the default judgment, and a motion to compel arbitration. The trial court denied the motion to compel arbitration, stating, "by

failing to file an answer before default judgment was granted [Interconex] waived its right if any, to insist on arbitration." *Id.* at 535. But the trial court specifically stated it made no finding "as to whether or not [Interconex] would have had such right if [Interconex] had chosen to answer the lawsuit in a timely manner." *Id.* In reviewing the trial court's decision, our sister court held that "Interconex acted inconsistently with its right to arbitrate by failing to timely answer the lawsuit after it had been served through its registered agent and by failing to move for arbitration before its liability had been established." *Id.* The court explained that Interconex's actions—including failing to file the motion to compel arbitration until after requesting a reset of the damages trial to a jury setting and waiting to file the motion to compel until shortly before the jury trial—were inconsistent with the right to arbitrate, thus concluding "that Interconex had substantially invoked the judicial process before it moved to compel arbitration."

Brackish argues that *Interconex* is distinguishable from this case because it did not substantially invoke the judicial process.[3] We agree. In contrast to *Interconex*, although Brackish was served in accordance with the rules, the record reflects such service was not perfected. Implied waiver of the right to arbitrate occurs

---

[3] Brackish also argues that the Carpenters failed to show prejudice. Because we conclude that Brackish did not substantially invoke the litigation process, we need not consider the prejudice prong. *See La.-Pac. Corp. v. Newport Classic Homes, L.P.*, No. 05-21-00330-CV, 2023 WL 3000579, at *6 (Tex. App.—Dallas Apr. 19, 2023, no pet.) ("Because appellees failed to establish that appellants substantially invoked the judicial process, we need not consider whether a party is required to establish prejudice[.]") (citing *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022)).

when a litigant engages in "conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015); *see also LaLonde v. Gosnell*, 593 S.W.3d 212, 218–19 (Tex. 2019) (defining waiver as the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right"). Here, Brackish's conduct that led to the default judgment consisted of failing to timely answer a lawsuit that it had no actual knowledge was filed. Even if Brackish could be charged with *intentionally* failing to maintain a registered agent, we cannot conclude that such conduct, by itself, is inconsistent with the right to arbitrate. Based upon the record before us, the factual disparities and well-established guidelines on waiver, we reject the Carpenters' argument that Brackish's default operates as a waiver of the right to arbitrate.

The Carpenters also argue that Brackish waived its right to arbitrate by substantially invoking the judicial process after the default judgment was entered. We disagree. After the trial court entered default judgment on Brackish's liability, the only litigation conduct Brackish engaged in before moving to compel arbitration was to seek a reconsideration of the default judgment. A motion to set aside a default judgment is not sufficient to show substantial invocation of the judicial process. *See In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007). After unsuccessfully seeking to vacate the default judgment, all Brackish's subsequent filings, including its counterclaim, were made subject to arbitration. *See Kennedy Hodges*, 433 S.W.3d at 545; *Perry Homes*, 258 S.W.3d 580, 589–90 (Tex. 2008).

Nor can we conclude that the delay between Brackish's answer and its motion to compel arbitration resulted in waiver. Brackish filed its answer on April 30, 2020, and its motion to compel arbitration on September 15, 2020. The Texas Supreme Court has held that delays much longer than this do not constitute waiver. *See In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (per curiam) (defendant did not waive by "failing to pursue its arbitration demand for eight months while discussing a trial setting and allowing limited discovery"); *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (evidence insufficient to overcome presumption against waiver despite two-year delay and extensive discovery resulting in $200,000 in attorneys' fees).

We overrule the Carpenters' sole issue and conclude that the trial court did not err in granting Brackish's motion to compel arbitration. Because Brackish's cross-appeal is contingent on the opposite result, we do not reach Brackish's cross-issues.

We affirm the trial court's judgment.

220802f.p05

/Bonnie Lee Goldstein//
_____
BONNIE LEE GOLDSTEIN
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AUSTIN CARPENTER AND
LAUREN CARPENTER, Appellants

No. 05-22-00802-CV     V.

BRACKISH DEVELOPMENT, LP
D/B/A MARLIN LANDSCAPE
SYSTEMS, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-19669.
Opinion delivered by Justice
Goldstein. Justices Nowell and
Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BRACKISH DEVELOPMENT, LP D/B/A MARLIN LANDSCAPE SYSTEMS recover its costs of this appeal from appellants AUSTIN CARPENTER AND LAUREN CARPENTER.

Judgment entered this 8th day of December, 2023.