**AFFIRMED and Opinion Filed May 24, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00802-CV

**AUSTIN CARPENTER AND LAUREN CARPENTER, Appellants**
**V.**
**BRACKISH DEVELOPMENT, LP D/B/A MARLIN LANDSCAPE SYSTEMS, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-19669**

## MEMORANDUM OPINION ON REHEARING

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Goldstein

We deny appellants Austin and Lauren Carpenter's timely filed motion for rehearing and, on our own motion, withdraw our December 8, 2023, memorandum opinion and vacate the judgment of that date. This is now the opinion of the Court.

This is appeal from the trial court's orders granting partial default judgment against appellee Brackish Development, LP on liability and compelling arbitration as to damages. In one issue, the Carpenters contend that the trial court erred in compelling arbitration because Brackish waived it. Brackish urges us to affirm, but

in the event we reverse the order compelling arbitration, asserts in a cross-issue that the trial court erred in granting partial default judgment.

Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment and do not reach Brackish's cross-issue.

## BACKGROUND

On May 2, 2019, the parties entered into a contract under which Brackish was to perform general-contractor and landscaping services at the Carpenters' residential property in Dallas, Texas. Work commenced soon thereafter, and the Carpenters paid Brackish approximately $200,000 for invoices sent by Brackish in April, July, and October,[1] 2019. On October 15, 2019, the Carpenters sent Brackish a notice under the Texas Deceptive Trade Practices Act (DTPA) alleging that Brackish, in addition to DTPA violations, committed fraud and enumerated breaches of the parties' contract. On October 17, Brackish sent the Carpenters a notice of unpaid balance, demand for payment and an affidavit, claiming a mechanic's lien on the amount alleged to be due and owing.

The Carpenters filed the instant lawsuit on December 10, 2019, asserting claims for breach of contract, fraud in the inducement, statutory fraud, and violations of the DTPA. The Carpenters retained a process server to serve Brackish's registered

---

[1] The October invoice is dated October 8, 201**8**. We glean from the record that this was a typographical error and the year listed should have been 2019.

agent at the address listed on Brackish's filings with the Secretary of State. After those attempts failed, the Carpenters served the citation on the Secretary of State. The Secretary of State's office certified that upon receipt, it forwarded the citation and original petition to the registered agent[2] but that "[t]he PROCESS was returned to this office on February 13, 2020, Bearing Notation, Return to Sender, Attempted Not Known, Unable to Forward." The Carpenters then filed a motion for default judgment, which the trial court granted as to liability, requiring a separate hearing to establish the amount of damages. The hearing on damages was held on April 23, 2020. On April 30, 2020, before the trial court ruled on the damages issue, Brackish filed its original answer. Brackish also filed a motion for reconsideration of the default as to liability, asserting, in part, that "the citation was never actually delivered or received by the designated agent." The trial court denied the motion on August 7, 2020.

The following month, Brackish filed a motion to compel arbitration and to abate proceedings pending arbitration. Subject to the motion to compel arbitration, Brackish filed a motion to set aside default and for jury trial on the merits, and an original counterclaim for breach of contract. The Carpenters opposed the motion to compel arbitration, acknowledging the existence of the contractual arbitration provision but averring Brackish waived its right to arbitrate by substantially

---

[2] The record reflects that the process server and the Secretary of State had the same address for the registered agent.

invoking the judicial process. On March 2, 2021, the trial court entered (1) an order denying Brackish's motion to set aside default and (2) an order granting Brackish's motion to compel arbitration, abating proceedings pending arbitration. Thereafter, the parties arbitrated the damages issue on the Carpenters' claims and Brackish's breach-of-contract claim. On March 23, 2022, the arbitrator entered his arbitrator's award denying all claims and counterclaims, awarding no damages, attorney's fees, or costs. The parties then returned to the trial court, with Brackish seeking entry of judgment on the arbitrator's award and the Carpenters seeking vacatur of same. The trial court denied the Carpenters' motion to vacate—and their subsequent request for findings of fact and conclusions of law—and entered final judgment confirming the arbitrator's award. This appeal followed.

## DISCUSSION

In their sole issue, the Carpenters assert that the trial court erred in granting Brackish's motion to compel arbitration. They argue that Brackish acted inconsistently with, and thus waived, the right to arbitrate by failing to answer the lawsuit before default judgment was entered as to its liability.

Whether a party has waived its right to arbitration is a legal question, which we review de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). "A party waives the right to arbitrate 'by substantially invoking the judicial process to the other party's detriment or prejudice.'" *Kennedy Hodges, L.L.P. v. Gobellan*, 433 S.W.3d 542, 545 (Tex. 2014) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 589–

–4–

90 (Tex. 2008)). The strong presumption against waiver of arbitration renders this hurdle a high bar. *Id.* Waiver must be determined on a case-by-case basis by assessing the totality of the circumstances. *Id.* Texas courts consider such factors as (1) when the movant knew of the arbitration clause; (2) how much discovery was conducted; (3) who initiated the discovery; (4) whether the discovery related to the merits rather than arbitrability or standing; (5) how much of the discovery would be useful in arbitration; and (6) whether the movant sought judgment on the merits. *Id.* Further, the substantial invocation of the litigation process must also have prejudiced the opposing party. *Id.* "In this context, prejudice is 'inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.'" *Id.* (quoting *Perry Homes*, 258 S.W.3d at 597).

The Carpenters argue that Brackish's default by itself constitutes waiver. They cite several cases from other jurisdictions for the proposition that "a defaulting party waives the right to insist upon arbitration." *See Bland v. Green Acres Group, L.L.C.*, 12 So. 3d 822, 824 (Fla. Dist. Ct. App. 2009); *Tri-State Delta Chems., Inc. v. Crow*, 61 S.W.3d 172, 175 (Ark. 2001); *State ex rel. Barden & Robeson Corp. v. Hill*, 539 S.E.2d 106, 111–12 (W. Va. 2000); *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 610 A.2d 499, 501 (Pa. Super. Ct. 1992). In each of these jurisdictions, however, arbitration is a defensive matter that is waived if not timely raised in an answer. *See Bland*, 12 So. 3d at 824–25

(considering whether unpleaded arbitration claim was a meritorious defense as required to vacate default judgment); *Crow*, 61 S.W.3d at 175 ("The right to seek arbitration is a defense to civil litigation. Like any other defense, it may be waived by failing to timely assert it under the rules of civil procedure."); *Hill*, 539 S.E.2d at 112 ("As an affirmative defense, arbitration must be asserted in the answer or it may, under appropriate circumstances, be deemed waived. . . ."); *Marranca Contracting*, 610 A.2d at 501 ("The defense of arbitration is an affirmative defense; it must be pleaded in new matter or it is waived.").

In Texas, whether the defendant fails to raise arbitration in its answer may be a factor in determining waiver. *See Perry Homes*, 258 S.W.3d at 591–92 (relevant factors include when the defendant discovered the agreement to arbitrate, how long it delayed before seeking arbitration, and whether it had sought or opposed arbitration earlier in the proceeding). However, a defendant does not automatically waive the right to arbitrate by failing to plead it in an answer.[3] *See, e.g.*, *In re Bruce*

---

[3] The Carpenters contend that Texas Rule of Civil Procedure 94 lists arbitration as an affirmative defense. We disagree. The affirmative defense in Rule 94 is "arbitration and award." *See* TEX. R. CIV. P. 94. That affirmative defense applies when the defendant asserts that the plaintiff's claim is barred because it has *already been resolved* in a prior arbitration proceeding. *See, e.g.*, *Boone v. Citibank (S. Dakota) N.A.*, No. 09-05-135 CV, 2006 WL 3742802, at *3 (Tex. App.—Beaumont Dec. 21, 2006, no pet.) ("Boone's third issue claims Citibank waived its right to prosecute its breach of contract claim because the claim had been resolved by arbit[r]ation proceedings. Boone received an arbitration award regarding the balance due on the credit cards at issue from National Arbitration Council, Inc. However, the assertion of 'arbitration and award' is an affirmative defense that must be affirmatively pleaded or it is waived."). The defense does not apply where, as here, the defendant seeks a court order referring a *current, unresolved* dispute to arbitration. *Cf. Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 212 (Tex. 1996) ("[A]n affirmative defense . . . is one of confession and avoidance. An affirmative defense does not seek to defend by merely denying the plaintiff's claims, but rather seeks to establish 'an independent reason why the plaintiff should not recover.'").

*Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (defendant who first sought to compel arbitration six months after filing its answer did not waive its right to arbitrate).

Acknowledging "this area of law is less developed in Texas", the Carpenters ask us to follow the precedent established by *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 535 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We decline for the reasons set forth below.

Ugarov sued Interconex for loss of his property allegedly caused by a subcontractor. *See id.* at 528. Uragov served Interconex with the petition through its registered agent, but the company failed to file a timely answer, resulting in default. *Id.* After the default judgment but before the hearing on damages, Interconex filed an answer, a motion to set aside the default judgment, and a motion to compel arbitration. The trial court denied the motion to compel arbitration, stating, "by failing to file an answer before default judgment was granted [Interconex] waived its right if any, to insist on arbitration." *Id.* at 535. But the trial court specifically stated it made no finding "as to whether or not [Interconex] would have had such right if [Interconex] had chosen to answer the lawsuit in a timely manner." *Id.* In reviewing the trial court's decision, our sister court held that "Interconex acted inconsistently with its right to arbitrate by failing to timely answer the lawsuit after it had been served through its registered agent and by failing to move for arbitration before its liability had been established." *Id.* The court explained that Interconex's

actions—including failing to file the motion to compel arbitration until after requesting a reset of the damages trial to a jury setting and waiting to file the motion to compel until shortly before the jury trial—were inconsistent with the right to arbitrate, thus concluding "that Interconex had substantially invoked the judicial process before it moved to compel arbitration." The Interconex court specifically found that Urgov was prejudiced by having to respond to discovery, fly in from Kiev, Ukraine for the jury trial, and prepare for a jury trial on damages.

Brackish argues that *Interconex* is distinguishable from this case because Brackish did not substantially invoke the judicial process and the Carpenters failed to show prejudice. We agree. In contrast to *Interconex*, although Brackish was served in accordance with the rules, the record reflects such service was not perfected. While additional motions were filed, as well as a counterclaim, after the initial denial to vacate the default judgment, all subsequent filings were subject to arbitration, and the Carpenters failed to establish any prejudice other than to incur attorney's fees. *See Kennedy Hodges*, 433 S.W.3d at 545; *Perry Homes*, 258 S.W.3d 580, 589–90 (Tex. 2008). After the trial court entered default judgment on Brackish's liability, the only litigation conduct Brackish engaged in before moving to compel arbitration was to seek a reconsideration of the default judgment. A motion to set aside a default judgment is not sufficient to show substantial invocation of the judicial process. *See In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007).

Nor can we conclude that the delay between Brackish's answer and its motion to compel arbitration resulted in waiver. Brackish filed its answer on April 30, 2020, and its motion to compel arbitration on September 15, 2020. The Texas Supreme Court has held that delays much longer than this do not constitute waiver. *See In re Fleetwood Homes of Tex., L.P.*, 257 S.W.3d 692, 694 (Tex. 2008) (per curiam) (defendant did not waive by "failing to pursue its arbitration demand for eight months while discussing a trial setting and allowing limited discovery"); *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) (evidence insufficient to overcome presumption against waiver despite two-year delay and extensive discovery resulting in $200,000 in attorneys' fees); *In re Bruce Terminix Co.*, 988 S.W.2d 702, 704 (Tex. 1998) (per curiam) (defendant did not waive arbitration by its six-month delay and discovery requests, when the responses were insufficient to show prejudice); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89–90 (Tex. 1996) (per curiam) (in the absence of a showing of prejudice, defendants did not waive arbitration by, e.g., requesting discovery and waiting ten months to ask for arbitration). Based upon the record before us, the factual disparities and well-established guidelines on waiver, we reject the Carpenters' argument that Brackish's default operates as a waiver of the right to arbitrate.

The Carpenters next argue that once the trial court entered an order of default on Brackish's liability and denied Brackish's motions to reconsider and set aside the default, the trial court "claimed jurisdiction" over the case and could not thereafter

refer the case to arbitration. The Carpenters point out that although there are cases in which courts compelled arbitration after a default judgment, they did so only after vacating the default judgments. *See, e.g.*, *In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex. 2007); *Brand FX, LLC v. Rhine*, 458 S.W.3d 195, 199 (Tex. App.—Fort Worth 2015, no pet.). The Carpenters invite us to conclude that when a trial court refuses to vacate a default judgment, it cannot then refer the issue of damages to arbitration.

We decline to do so. A defendant's default on liability does not preclude the defendant from contesting damages. *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012). Thus, if a defendant makes an appearance after the trial court has determined the defendant's liability and refused to set aside that determination, the issue of damages is still in dispute. *See id.* We have been cited to no authority, nor have we found any, that prohibits a trial court from referring that remaining issue on damages to arbitration. Indeed, both the Federal Arbitration Act and the Texas General Arbitration Act contemplate that all or part of a claim may be referable to arbitration, as both statutes provide for arbitration of "issues" rather than "claims." *See* 9 U.S.C. § 3 (providing that a trial court must stay its proceedings if it is satisfied that an "issue" in the proceeding is referable to arbitration); TEX. CIV. PRAC. & REM. CODE ANN. § 171.024 (providing that a party may apply for an order compelling arbitration if a proceeding involves an "issue" referable to arbitration). We conclude that a trial court does not abuse its discretion

by referring the issue of damages to arbitration after it has entered default judgment as to liability and refused to set aside said default.

We overrule the Carpenters' sole issue and conclude that the trial court did not err in granting Brackish's motion to compel arbitration. Because Brackish's cross-appeal is contingent on the opposite result, we do not reach Brackish's cross-issues.

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220802F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AUSTIN CARPENTER AND
LAUREN CARPENTER, Appellants

No. 05-22-00802-CV      V.

BRACKISH DEVELOPMENT, LP
D/B/A MARLIN LANDSCAPE
SYSTEMS, Appellee

On Appeal from the 116th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-19669.
Opinion delivered by Justice
Goldstein. Justices Nowell and
Breedlove participating.

We **VACATE** our judgment of December 8, 2023. In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BRACKISH DEVELOPMENT, LP D/B/A MARLIN LANDSCAPE SYSTEMS recover its costs of this appeal from appellants AUSTIN CARPENTER AND LAUREN CARPENTER.

Judgment entered this 24th day of May, 2024.